# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| MARTIN LUTHER KING, H.D.A. INC., a Washington corporation, | No.  49483-3-II |
| Respondent, | |
| v. | |
| LAURA C. SEALEY, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Laura C. Sealey leased residential property from Martin Luther King, H.D.A. Inc. (MLK H.D.A.).  MLK H.D.A. filed an unlawful detainer action against Sealey for multiple violations of the lease agreement.  Following a bench trial, the trial court entered judgment for unlawful detainer and an order for a writ of restitution.  Sealey appeals, assigning error to a number of the trial court's findings of fact and conclusions of law and arguing that she received ineffective assistance of counsel.  We affirm the judgment for unlawful detainer and entry of the order for a writ of restitution.

## FACTS

Sealey leased rental property from MLK H.D.A.  During her tenancy, Sealey made a number of requests for maintenance and repairs to her rental property.  Sealey did not complain about a rodent infestation on the rental property until she purportedly sent a letter to MLK H.D.A. on March 17, 2016, complaining about the infestation.  MLK H.D.A. denied receiving Sealey's March 17 letter.

On May 6, MLK H.D.A. sent Sealey a 20-day notice to terminate her tenancy because she had committed multiple violations of the leasing agreement. Soon after, MLK H.D.A. received a letter from the Tacoma-Pierce County Housing Justice Project (Housing Justice Project) written on Sealey's behalf. The letter renewed Sealey's request for repairs and noted that there was an ongoing rodent infestation. The letter also provided that Sealey had indicated to the Housing Justice Project that "she has previously provided [MLK H.D.A.] notice of these needed repairs," but the letter did not reference any specific prior notice or the March 17 letter. Clerk's Papers (CP) at 79. Although the Housing Justice Project's letter was dated on May 5, MLK H.D.A. did not receive the letter until several days later.

Sealey failed to pay rent for June or July. MLK H.D.A. issued additional 20-day and 3-day notices to Sealey for her failure to pay rent and initiated eviction proceedings. Soon after, MLK H.D.A. received a letter from the City of Tacoma referencing a complaint Sealey had made to the City regarding the substandard condition of the rental property. MLK H.D.A. hired an exterminator to inspect Sealey's rental property. The inspection revealed a rodent infestation that was caused by overgrown weeds, shrubs, and grass on the rental property. The inspection also noted that Sealey's failure to regularly mow the yard and to keep it in a sanitary condition had caused the rodent infestation. After the inspection, MLK H.D.A. attempted to contact Sealey on a number of occasions so that the exterminators could enter the rental property and treat it. Sealey did not return MLK H.D.A.'s phone calls and did not permit access to the rental property.

No. 49483-3-II

In August, MLK H.D.A. filed an unlawful detainer action to evict Sealey because she failed to vacate the rental property. Following a show cause hearing, Sealey and MLK H.D.A. entered into an agreed order that required Sealey to place the money owed for her back rent in the court registry. The case proceeded to a bench trial. At trial, Sealey argued the affirmative defense of retaliatory eviction, contending that MLK H.D.A. sought to evict her only because of her repeated requests for maintenance and her complaints regarding a rodent infestation on the property.

Following trial, the trial court entered its findings of fact and conclusions of law. The trial court entered judgment in favor of MLK H.D.A., concluding that the evidence did not support a retaliation claim and that Sealey's failure to maintain her property was a significant cause of the rodent infestation. The trial court awarded MLK H.D.A. $7,460.87 in attorney fees and $248 in costs, ordered that the funds in the court registry for back rent be released to MLK H.D.A., and entered an order for a writ of restitution. Sealey appeals.

ANALYSIS

I. FINDINGS OF FACT

Sealey assigns error to a number of findings of fact entered by the trial court following the bench trial on MLK H.D.A.'s unlawful detainer action.[1] To the extent that we have an adequate record to review these challenged findings, we conclude that the trial court's findings of fact are supported by substantial evidence.

---

[1] Specifically, Sealey challenges findings of fact numbers V, VI, VII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII, and XXIV.

3

A.      *Legal Principles*

An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). The appellant must also provide a record sufficient to review the issues raised on appeal. RAP 9.2(b). The failure to do so precludes appellate review. *Stiles v. Kearney*, 168 Wn. App. 250, 259, 277 P.3d 9 (2012).

With few exceptions, Sealey has failed to comply with these requirements. Sealey's briefing contains no citations to the record and few references to relevant authority. She also provided only a limited portion of the verbatim report of proceedings for the trial. Accordingly, we address Sealey's claims to the extent possible given the limits of the record and the legal analysis provided.[2]

We review a trial court's decision following a bench trial to determine whether substantial evidence supports the trial court's findings of fact. *Casterline v. Roberts*, 168 Wn. App. 376, 381, 284 P.3d 743 (2012). Substantial evidence supports a finding of fact where the record, viewed in a light most favorable to the prevailing party, contains a quantity of evidence sufficient to persuade a fair-minded person of its truth. *Harris v. Urell*, 133 Wn. App. 130, 137, 135 P.3d 530 (2006); *Korst v. McMahon*, 136 Wn. App. 202, 206, 148 P.3d 1081 (2006).

---

[2] Where the record is inadequate to review whether a finding of fact is supported by substantial evidence, we treat the finding as a verity. *Morris v. Woodside*, 101 Wn.2d 812, 815, 682 P.2d 905 (1984). The record is inadequate to review findings of fact numbers V, VI, VII, IX, X, XI, XII, XIII, XV, XVI, XVII, XVIII, XIX, XX, XXII, and XXIV. Accordingly, we treat these findings of fact as verities on appeal.

B.      *Finding of Fact XIV*

Sealey assigns error to finding of fact XIV, which states: "In the letter of May 5, 2016 there is no mention of the March 17, 2016 letter of Laura Sealey." CP at 135. Sealey argues that this finding is erroneous because it is not "factually applicable" to the unlawful detainer action. Br. of Appellant at 4. We disagree.

Before trial, Sealey submitted two letters as evidence of a rat infestation on her rental property. Sealey purportedly sent the first letter to MLK H.D.A. on March 17, 2016, and requested that a number of repairs be made to her rental property. The March 17 letter also requested that MLK H.D.A. send pest control to her rental property because of a rodent infestation. The second letter was sent to MLK H.D.A. on May 5 by the Housing Justice Project. The letter renewed Sealey's request for repairs, noting that there was an ongoing rodent infestation. The May 5 letter provided, "Ms. Sealey indicates she has previously provided notice of these needed repairs," but the letter did not specifically reference any prior notice or the March 17 letter. CP at 79.

The record clearly shows that the May 5 letter from the Housing Justice Project does not mention Sealey's purported March 17 letter to MLK H.D.A. Accordingly, finding of fact XIV is supported by substantial evidence.

C.      *Finding of Fact XXI*

Sealey also assigns error to finding of fact XXI, which provides that "[t]here is evidence of [MLK H.D.A.] calling on [Sealey] and receiving an Order to get access to the [rental property] and there being no return phone calls." CP at 136. Sealey argues that this finding is

5

not supported by substantial evidence because she did allow pest control to access her rental property. We disagree.

The record contains testimony that MLK H.D.A. contacted Sealey multiple times to send exterminators to Sealey's rental property. Sealey failed to return MLK H.D.A.'s calls, and exterminators were unable to enter the property. Viewed in a light most favorable to MLK H.D.A., this testimony is sufficient to persuade a fair-minded person of its truth. As a result, substantial evidence supports finding of fact XXI.

## II. CONCLUSIONS OF LAW

Sealey also assigns error to a number of the trial court's conclusions of law. We address Sealey's claims in turn, determining that the trial court's findings support its conclusions.

A. *Conclusion of Law III*

Sealey assigns error to conclusion of law III, which states: "[MLK H.D.A.] shall have all of the funds in the Court Registry representing rent for June 2016, July 2016, and August 2016 in the amount of $3,285.00." CP at 137. Sealey argues that the trial court erred in reaching this conclusion because she had filed a motion for stay on releasing the funds. The record shows that Sealey filed a motion for stay on releasing the funds *after* the trial court entered its findings and conclusions. Consequently, the funds had been released before Sealey filed her motion for stay. Accordingly, Sealey's argument fails.

B. *Conclusions of Law IV & V*

Sealey also assigns error to conclusions of law IV and V. Conclusion of law IV states: "[MLK H.D.A.] shall have a judgment against [Sealey] in the amount of $7,460.87, as and for

[MLK H.D.A.]'s reasonable attorney's fees, plus [MLK H.D.A.]'s costs in the amount of $248.00." CP at 137. Conclusion of law V provides that MLK is entitled to a writ of restitution. Sealey argues that conclusions of law IV and V are unconstitutional because they cause her undue hardship.[3] We do not review Sealey's argument.

Parties who raise constitutional issues must present this court with considered arguments. *City of Spokane v. Taxpayers of City of Spokane*, 111 Wn.2d 91, 96, 758 P.2d 480 (1988). We will not review constitutional issues that are inadequately argued or briefed. *State v. Thomas*, 150 Wn.2d 821, 868-69, 83 P.3d 970 (2004). Because Sealey's constitutional arguments are not adequately briefed, we do not review this issue.

C.      *Conclusions of Law VI, VII, and X Are Supported by the Trial Court's Findings of Fact*

Sealey also challenges conclusions of law VI, VII, and X, arguing that the trial court's conclusions are not supported by the evidence. We disagree.

Because Sealey argues that the trial court's findings do not support its conclusions of law, our review is limited to determining whether the trial court's findings are supported by substantial evidence and, if so, whether those findings support the conclusions of law. *Am. Nursery Prods., Inc. v. Indian Wells Orchards*, 115 Wn.2d 217, 222, 797 P.2d 477 (1990). As discussed above, we have determined that the trial court's findings are either verities on appeal or supported by substantial evidence. Accordingly, we address whether these findings support the challenged conclusions of law.

---

[3] Sealey also states that MLK H.D.A. charged her for repairs to her rental property. This claim pertains to matters outside the record on appeal, and we do not review it. *Kearney*, 168 Wn. App. at 259.

1. *Conclusions of Law VI & VII*

Sealey also assigns error to conclusions of law VI and VII, which provide that there was no evidence of retaliation because MLK H.D.A. received the May 5 letter from the Housing Justice Project after it issued Sealey a 20-day notice of intent to vacate and because Sealey was two months in arrearages at the time she received the notice to terminate tenancy. Sealey argues that the trial court's conclusions are erroneous because MLK H.D.A. initiated eviction proceedings because of the Housing Justice Project's letter. We conclude that the trial court's findings of fact support conclusions of law VI and VII.

The trial court found that actions to terminate Sealey's tenancy were based on a 20-day notice of intent to vacate that was delivered to Sealey on May 6, 2016. The trial court also found that the Housing Justice Project's letter to MLK H.D.A. on Sealey's behalf was dated May 5. MLK H.D.A. issued additional 20-day notices to Sealey in July for her failure to pay rent for the months of June and July. Sealey received these notices before the City of Tacoma notified MLK H.D.A. of Sealey's complaint regarding the substandard condition of her rental property.

The trial court's findings show that MLK H.D.A. received the Housing Justice Project's letter after it issued a 20-day notice of intent to vacate to Sealey. The findings also establish that Sealey received a number of additional 20-day notices before MLK H.D.A. was notified about her complaint to the City. Thus, these findings support the trial court's conclusions that "[t]he evidence does not support any retaliation as the initial notice of May 6, 2016 was prior to [MLK H.D.A.] being aware of the Housing Justice Project letter" and "[t]here is no retaliation because

8

the July notice to terminate tenancy was given while the Defendant was two months in [arrearage] of rent and prior to the city's letter being received." CP at 137.

### 2. *Conclusion of Law X*

Sealey also assigns error to conclusion of law X, which states that "[Sealey] was under a duty pursuant to RCW 59.18 et. seq., and the rental agreement to keep her premises in a neat and sanitary condition and her failure to do so was a significant reason for the rodent infestation," arguing that the trial court's conclusion of law contradicts the evidence. CP at 137. We disagree and conclude that the trial court's findings of fact support conclusion of law X.

The trial court found that weeds, shrubs, and overgrown grass were causes of the rodent infestation on Sealey's rental property. The trial court also found that "[t]he backyard and the failure of Ms. Sealey to regularly mow the backyard was also a cause of the infestation." CP at 135. These findings clearly show that Sealey's failure to maintain her rental property was a cause of the rodent infestation. Accordingly, the trial court's findings support conclusion of law X.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Sealey also argues that she received ineffective assistance of counsel at trial. Because this is a civil matter, ineffective assistance of counsel is not grounds for reversal. *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985). Moreover, we note that the record is insufficient to review Sealey's claim. Accordingly, we do not review Sealey's claim. *Bulzomi v. Dep't of Labor & Indus.*, 72 Wn. App. 522, 525, 864 P.2d 996 (1994) ("An insufficient record on appeal precludes review of the alleged errors.").

9

No.  49483-3-II

We affirm the judgment for unlawful detainer and entry of the order for a writ of restitution.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Lee, J.

_____
Sutton, J.

10