[No. 41289-6-II.   Division Two.   February 29, 2012.]

DEE ANN STILES ET AL., *Appellants*, v. GERALD KEARNEY, *Respondent*.

252

*Arleta E. Young* (of *Arleta E. Young PLLC*) and *Mary P. Kent*, for appellants.

*Natalie K. Rasmussen* (of *Goldberg & Jones*) and *Gerald A. Kearney* (of *Law Offices of Gerald A. Kearney PLLC*), for respondent.

¶1 JOHANSON, J. — Dee Ann Stiles filed a defamation complaint against Gerald Kearney. After granting Kearney's summary judgment motion, the trial court found Stiles's complaint was frivolous, the defamation claim was not supported by the law or facts, and that Stiles's attorney had failed to conduct a reasonable inquiry before filing the complaint. Stiles and her attorney, Arleta Young, appeal, raising numerous procedural and substantive challenges to the trial court's imposition of CR 11 and RCW 4.84.185 sanctions. Discerning no error, we affirm the trial court's sanction decisions. We also hold that this appeal is frivolous and award Kearney reasonable attorney fees and costs.

## FACTS

¶2 Stiles and Kearney reside in the Shore Woods community in Hansville, Washington. In 2009, Stiles was secretary of the homeowners' association (Association) and her husband was its president. Kearney is a Washington attorney and former member of the Association's executive board (Board).

¶3 On December 22, 2009, in Kitsap County Superior Court, Stiles filed an amended complaint against Kearney, alleging defamation of character. Attorney Arleta Young signed the complaint. Stiles alleged that Kearney frequently sent hostile e-mails to the Board stating there were "inherent problems" with Stiles and her husband serving on the Board at the same time, questioning the propriety of their actions, and implying her incompetence as the Association's secretary. Clerk's Papers (CP) at 3.

¶4 In her complaint,[1] Stiles made several allegations related to an October 4, 2009 board meeting, which Kearney attended. Stiles alleged that she followed standard practices of preparing minutes based on a recording of the

---

[1] We note that page 5 of the complaint, containing paragraphs 22-28, is missing from the record on review.

meeting and then publishing the minutes in the Association's newsletter and on its web site.

¶5 Stiles further alleged that on October 31, another association member, who had been a past board president, posted an e-mail on an association listserve concerning "the divisiveness of the Board." CP at 4. Stiles alleged that Kearney responded to the e-mail that same day as "another former President of [the] community" and concluded his e-mail by stating, "Finally, the last set of minutes by our secretary are [sic] written from the point of view of *someone with an axe to grind*. Again, this is divisive (us against them) and not helpful. *DeeAnne* [sic]: *Do your job evenhandedly or step down*." CP at 4. Stiles alleged that Kearney sent his response from his work e-mail address to the association listserve; the Association's property management company, which includes other business contacts; and other individuals. Stiles's complaint sought damages and a retraction of the statements.

¶6 On February 11, 2010, Kearney answered the complaint. Kearney admitted he sent the alleged statements but denied Stiles's complaint's characterizations of his actions and words. Kearney raised several defenses, including CR 12(b)(6); the statements were true, privileged, opinion statements that constituted criticism but not defamation; estoppel; and, in the alternative, that any judgment should be reduced for comparative fault and Stiles's failure to mitigate her damages. Kearney sought dismissal of the complaint and attorney fees under CR 11 and RCW 4.84.185.

¶7 After conducting discovery, on May 11, Kearney filed a summary judgment motion. Kearney analyzed several required elements of a defamation claim to show that Stiles could not establish a prima facie case for defamation. In June, Stiles filed a response memo disagreeing with Kearney's analysis of relevant legal theories, and she presented several alternative arguments to show that her claim should survive summary judgment. Stiles's response also

contained a cross summary judgment motion. Kearney's rebuttal memo argued that Stiles had "failed to present evidence to support even one of the four elements of defamation as defined under Washington law." CP at 139.

¶8 On June 25, the trial court granted Kearney's summary judgment motion and awarded him $200 in statutory attorney fees. On July 16, Kearney filed a motion for CR 11 and RCW 4.84.185 sanctions. Young's response argued that Kearney's motion relied on his successful summary judgment motion and his subjective beliefs of the case, rather than an application of the objective test for determining if a complaint was baseless or frivolous.

¶9 At a September 3 hearing on the sanction motion, Stiles's attorney objected to the trial court's review of certain documents filed with the trial court the previous day. Kearney had filed a rebuttal response memo (rebuttal response) and two declarations (declaration 1, declaration 2) with cost bills attached. Declaration 2 cited documents that were not actually attached to the declaration. Kearney asked to proceed without consideration of the letters and the trial court stated, "Alright. Let's go ahead, then. I'm not going to consider whatever it was that came in yesterday." Report of Proceedings (RP) at 15. Later that day, after the hearing, Kearney filed a declaration with the missing documents attached.

¶10 On September 16, the trial court imposed $3,912 in sanctions against Young and Stiles, citing CR 11 and RCW 4.84.185. The judgment assigned joint and several liability to Young and Stiles. The trial court's findings of fact and conclusions of law stated that Stiles failed to present any "credible or cognizable evidence" (1) for the falsity element of defamation, (2) to refute that the statements were not protected by a common interest privilege, or (3) to prove any damages. CP at 298. The trial court concluded that the complaint was not well grounded in fact or law and that Young failed to conduct a reasonable inquiry before filing the complaint. In a memorandum opinion, the trial court

applied several tests to explain its findings and conclusions. The trial court also reviewed Kearney's costs statements and limited the sanctions to expenses for preparing and filing memos and motions in response to the complaint, but not preparing for argument on the motion. Stiles and Young appeal.

## ANALYSIS

### I. THE TRIAL COURT'S REVIEW OF DOCUMENTS

¶11 First, Stiles argues that the trial court erroneously reviewed documents Kearney filed on September 2 and 3, documents she believes the trial court excluded from review during the sanction motion hearing. She argues that the trial court's consideration of these documents violated her due process rights because she did not have an opportunity to respond to them. Kearney responds that nothing in the record indicates that the trial court erred by reviewing excluded documents and, in the alternative, any error is harmless. We discern no error.

¶12 The parties misunderstand the extent of the trial court's oral ruling and what documents the trial court actually considered in reaching its decision. The trial court stated, in its memorandum opinion, that it considered "the arguments of counsel[;] the Motion for CR 11 and RCW 4.84.1[8]5 Sanctions[;] The Declarations of Steven Olsen, John Wiegenstein, Gerald A. Kearney regarding attorney fees [declaration 1], [and] Gerald A. Kearney dated September 22, 2010 [sic][2] [declaration 2;] Defendant's Rebuttal to Plaintiff's Response to the motion [rebuttal response;] and [various filings by Stiles]." CP at 288. Most of Stiles's arguments on appeal relate to declarations 1 and 2 and the rebuttal response; all of which were filed on September 2, 2010.

---

[2] This is a scrivener's error as evidenced by the fact that the trial court entered final orders on September 16. In context, the trial court meant to cite September 2, 2010 filings.

¶13 At the sanction motion hearing, Stiles raised concerns about having never received a copy of documents attached to declaration 2. The hearing discussion focused on whether Kearney properly provided these documents to Stiles, and eventually Kearney asked to proceed without the trial court considering the documents. The trial court then said, "Alright. Let's go ahead, then. I'm not going to consider whatever it was that came in yesterday." RP at 15.

¶14 Based on a full review of the record, it does not appear that *at the hearing* the trial court understood that Kearney filed three separate documents on September 2. In particular, the CR 11 sanction motion hearing, on September 3, took place at Jefferson County Superior Court and the trial court noted that it had not seen the September 2 filings, which were probably "sitting in the Kitsap County court."[3] RP at 13. In context, the trial court meant only to exclude review of declaration 2 because Stiles challenged only declaration 2 at the hearing. The trial court did not intend to exclude declaration 1 and the rebuttal response filings from its consideration.

██ ██ ¶15 Moreover, if an oral decision conflicts with a written decision, the written decision controls. *Ferree v. Doric Co.*, 62 Wn.2d 561, 567, 383 P.2d 900 (1963). An oral decision "is necessarily subject to further study and consideration, and may be altered, modified, or completely abandoned. It has no final or binding effect, unless formally incorporated into the findings, conclusions, and judgment." *Ferree*, 62 Wn.2d at 567. Thus, even if the trial court meant for its oral ruling to apply to all three of Kearney's September 2 filings, the trial court may have reconsidered its oral ruling and decided to review the *unchallenged* declaration 1 and rebuttal response.

---

[3] Judge Verser, sitting as a visiting judge in Kitsap County Superior Court, presided over the underlying defamation proceedings. And although the cover sheet of the verbatim report of proceedings lists the hearing as occurring in Kitsap County Superior Court, the title page lists the location as Jefferson County Superior Court. Moreover, the trial court's statements about where the September 2 filings were located suggests the CR 11 hearing did not occur in Kitsap County.

■ ¶16 Stiles also cannot show prejudice if the trial court actually reviewed declaration 2. For the most part, Kearney's statements in this declaration are actually legal arguments that are repetitive of points raised in the rebuttal response and other court filings. To the extent that Stiles argues that she did not have an opportunity to review and argue against the specific cost bill attached to declaration 2, we note the cost bill is identical to the cost bill attached to declaration 1, and that both cost bills are substantially similar to the cost bill attached to a July 16, 2010 declaration. Moreover, the trial court's imposed sanctions excluded all the expenses that were requested/added after July 16. Those fees that Kearney did add to the cost bill in his September filings were ultimately rejected by the trial court and, thus, there is no prejudice or harm to Stiles related to these added costs.

■ ¶17 Finally, there is nothing in the record that clearly indicates that the trial court considered Kearney's post-hearing September 3 declaration and exhibits. The party seeking review has the burden to perfect the record so that, as the reviewing court, we have all relevant evidence before us. *Bulzomi v. Dep't of Labor & Indus.*, 72 Wn. App. 522, 525, 864 P.2d 996 (1994). An insufficient appellate record precludes review of the alleged errors. *Bulzomi*, 72 Wn. App. at 525. The trial court's final memorandum opinion and order do not include the September 3 declaration in the list of reviewed documents. Thus, there is no error for us to review related to Kearney's September 3 filing.

II. CR 11 & RCW 4.84.185 Sanctions

¶18 Young and Stiles challenge the trial court's imposition of CR 11 and RCW 4.84.185 sanctions, alleging that the trial court (1) entered findings that are not supported by substantial evidence and (2) abused its discretion by committing an error of law. Kearney argues that the trial

court's decisions were made within its discretionary authority. We agree with Kearney's arguments and affirm the trial court's imposed sanctions.

¶19 As an initial matter, Kearney argues that a variety of technical violations preclude our reviewing the merits of Stiles's and Young's claims. But technical violations of the Rules of Appellate Procedure do not per se bar our review. RAP 1.2(a); *Green River Cmty. Coll. Dist. No. 10 v. Higher Educ. Pers. Bd.*, 107 Wn.2d 427, 431, 730 P.2d 653 (1986). And we may review the merits of an issue when the nature of that challenge is clear in the appellant's brief. *Green River*, 107 Wn.2d at 431; *Goehle v. Fred Hutchinson Cancer Research Ctr.*, 100 Wn. App. 609, 614, 1 P.3d 579, *review denied*, 142 Wn.2d 1010 (2000).

¶20 We review a trial court's imposition of CR 11 sanctions and RCW 4.84.185 fees for an abuse of discretion. *Biggs v. Vail*, 124 Wn.2d 193, 197, 876 P.2d 448 (1994); *Skimming v. Boxer*, 119 Wn. App. 748, 756-57, 82 P.3d 707, *review denied*, 152 Wn.2d 1016 (2004). A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993). We review findings of fact under a substantial evidence standard, defined as a quantum of evidence sufficient to persuade a rational person the premise is true. *Wenatchee Sportsmen Ass'n v. Chelan County*, 141 Wn.2d 169, 176, 4 P.3d 123 (2000).

¶21 RCW 4.84.185 authorizes a trial court to award a prevailing party "reasonable expenses, including fees of attorneys, incurred in opposing" a frivolous action. Sanctions are against the party, not that party's attorney, under RCW 4.84.185. *Skimming*, 119 Wn. App. at 756. " 'A lawsuit is frivolous when it cannot be supported by any rational argument on the law or facts.' " *Skimming*, 119 Wn. App. at 756 (quoting *Tiger Oil Corp. v. Dep't of Licensing*, 88 Wn. App. 925, 938, 946 P.2d 1235 (1997)).

¶22 CR 11(a) requires attorneys to date and sign all pleadings, motions, and legal memoranda. This signature constitutes the attorney's certification that the attorney has

> read the pleading, motion, or legal memorandum, and that to the best of the ... attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) [the pleading, motion, or memorandum] is well grounded in fact; (2) it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law; [and] (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

CR 11(a) continues:

> If a pleading, motion, or legal memorandum is signed in violation of this rule, the court, upon motion . . . may impose upon the person who signed it . . . an appropriate sanction, which may include an order to pay to the other party . . . the amount of the reasonable expenses incurred because of the filing . . . including a reasonable attorney fee.

¶23 CR 11 deals with two types of filings: baseless filings and filings made for improper purposes. *MacDonald v. Korum Ford*, 80 Wn. App. 877, 883, 912 P.2d 1052 (1996). This case concerns a baseless filing. A filing is " 'baseless' " when it is " '(a) not well grounded in fact, or (b) not warranted by (i) existing law or (ii) a good faith argument for the alteration of existing law.' " *MacDonald*, 80 Wn. App. at 883-84 (quoting *Hicks v. Edwards*, 75 Wn. App. 156, 163, 876 P.2d 953 (1994), *review denied*, 125 Wn.2d 1015 (1995)).

¶24 A trial court may not impose CR 11 sanctions for a baseless filing "unless it also finds that the attorney who signed and filed the [pleading, motion, or legal memorandum] failed to conduct a *reasonable inquiry* into the factual and legal basis of the claim." *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 220, 829 P.2d 1099 (1992). Courts employ an objective standard in evaluating an

attorney's conduct and test the appropriate level of pre-filing investigation by inquiring what was reasonable to believe at the time the pleading was filed. *Biggs*, 124 Wn.2d at 197; *see Miller v. Badgley*, 51 Wn. App. 285, 299-300, 753 P.2d 530, *review denied*, 111 Wn.2d 1007 (1988) (after 1985 amendment to CR 11, rule now imposes an objective rather than subjective standard of reasonableness). Finally, to impose sanctions for filing a baseless complaint, the trial court must make findings specifying the actionable conduct. *N. Coast Elec. Co. v. Selig*, 136 Wn. App. 636, 649, 151 P.3d 211 (2007).

¶25 The required elements for a defamation claim are (1) falsity, (2) an unprivileged communication, (3) fault, and (4) damages. *Mark v. Seattle Times*, 96 Wn.2d 473, 486, 635 P.2d 1081 (1981), *cert. denied*, 457 U.S. 1124 (1982). Here, the trial court entered findings that for *at least* the elements of falsity, unprivileged communication, and damages, Stiles's allegations were not factually supported, and then concluded that Stiles's defamation claim was baseless because it was not well grounded in either factual or legal support. The trial court also found that Young failed to conduct a reasonable inquiry into the factual or legal basis for the defamation claim.[4] Ultimately, the trial court determined that the lawsuit was frivolous and supported CR 11 and RCW 4.84.185 sanctions.

¶26 In a well-written six-page memorandum opinion citing relevant authorities, the trial court laid out the correct standard for evaluating whether a claim is baseless and whether Young made a reasonable inquiry into the basis for Stiles's defamation claim. The trial court also evaluated whether the defamation suit was frivolous for purposes of RCW 4.84.185. After reviewing the trial court's reasoned memorandum opinion, and after reviewing the entire record, we conclude that substantial evidence sup-

---

[4] The trial court erroneously labeled this finding of fact as a conclusion of law. But we review a finding of fact erroneously labeled a conclusion of law as a finding of fact. *Willener v. Sweeting*, 107 Wn.2d 388, 394, 730 P.2d 45 (1986).

ports the trial court's findings. Moreover, the trial court's findings support its ultimate conclusion imposing CR 11 and RCW 4.84.185 sanctions in this case. And, specifically, contrary to Young's assertions, the trial court did not base its sanction decisions solely on the fact that Kearney prevailed on his summary judgment motion. The trial court's analysis in its memorandum opinion belies such a characterization.

¶27 We note that CR 11 and RCW 4.84.185 sanctions are not mandatory, and that reasonable minds might differ on whether to exercise the discretion to impose sanctions in a particular case. CR 11 (stating, "If a pleading, motion, or legal memorandum is signed in violation of this rule, the court [ ] *may* impose upon the person who signed it [ ] an appropriate sanction" (emphasis added)); RCW 4.84.185 (stating, "In any civil action, the court having jurisdiction *may* . . . require the nonprevailing party to pay . . . reasonable expenses" (emphasis added)). But under an abuse of discretion standard, we can reverse a trial court's sanction decisions only if the decisions are manifestly unreasonable or based on untenable grounds. *Wash. State Physicians Ins. Exch.*, 122 Wn.2d at 339. Here, the trial court's decision is not unreasonable or based on untenable grounds and must be affirmed.

¶28 Young's arguments that the trial court made statements during the summary judgment hearing that contradict its imposing of sanctions are misplaced. First, Young argues that the trial court stated that she made a "good argument, a great argument" and she contends that it is "difficult to comprehend how an argument can be both 'great' and manifestly unreasonable." Br. of Appellant at 16. The trial court's full statement at the summary judgment hearing was: "[Young] makes a pretty darn—it's a good argument, a great argument that just by saying someone does their job in a bias[ed] way, you're—it's libelous per se. *It's not. I can't accept that.*" CP at 245 (emphasis added). In context, the trial court's statements did not relate to the merits of Young's argument.

¶29 Second, Young contends that the trial court's statement "I'm not sure what factual inquiry she would conduct that she didn't" supports a conclusion that she *did* engage in a reasonable inquiry in this case. Br. of Appellant at 17. Again, in context, the trial court's statements were that the primary problem with Stiles's defamation claim was whether the facts that "[e]verybody" knew "amount to defamation." RP at 6. But, the trial court's ultimate determination was that Young failed to engage in a reasonable inquiry into the facts and *whether the law supported a defamation claim* based on the facts.

¶30 Finally, Stiles appears to argue that the trial court must make a finding that her complaint was filed for an "improper purpose" to award sanctions under RCW 4.84-.185. No such requirement exists in RCW 4.84.185.

¶31 In conclusion, the trial court's imposition of CR 11 and RCW 4.84.185 sanctions in this case is supported by the record and the trial court's analysis. The trial court's decisions were not unreasonable or based on untenable grounds.

### III. MISCELLANEOUS SANCTION ARGUMENTS

¶32 Stiles contends that she did not receive timely notice that Kearney would pursue sanctions. She also asserts that Kearney is prohibited from collecting attorney fees as a pro se attorney-defendant. Kearney responds that Washington law supports his ability to collect attorney fees as a pro se attorney-defendant. We discern no error in the trial court's authority to award the imposed sanctions.

### *Notice*

¶33 Stiles's argument that Kearney failed to provide timely notice that he would seek CR 11 and RCW 4.84.185 sanctions is without merit. In Kearney's initial answer to the complaint, he requested CR 11 and RCW 4.84.185 sanctions. Accordingly, Stiles knew of Kearney's intent to seek sanctions as early as February 11, 2010.

## Pro Se Attorney Fees

¶34 Kearney is correct that he can receive attorney fees for his efforts in defending against Stiles's complaint. In *Leen v. Demopolis*, 62 Wn. App. 473, 815 P.2d 269 (1991), *review denied*, 118 Wn.2d 1022 (1992), Division One considered whether an attorney appearing pro se could recover attorney fees in responding to *an appeal*. The *Leen* court held that pro se attorneys could recover attorney fees where fees are otherwise justified because they must take time from their practices to prepare and appear as any other lawyer would. *Leen*, 62 Wn. App. at 487. Although *Leen* concerned appellate attorney fees, its reasoning is sound and we extend the analysis to the present case to explain why the trial court fees awarded are warranted.

¶35 Stiles argues that we should adopt a view contrary to *Leen*. She relies on *Kay v. Ehrler*, 499 U.S. 432, 111 S. Ct. 1435, 113 L. Ed. 2d 486 (1991), to argue that a pro se attorney cannot recover attorney fees. But *Kay* held only that a pro se attorney litigant may not be awarded attorney fees under 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Awards Act of 1976. *Kay*, 499 U.S. at 437-38. That statute is not implicated in this case and, thus, *Kay* does not apply or control.

### IV. REASONABLENESS OF IMPOSED SANCTIONS

¶36 Last, Stiles and Young challenge the reasonableness of the imposed $3,912 sanctions. They assert two different grounds: (1) Kearney failed to mitigate his damages by failing to bring a CR 12(b)(6) motion early in the litigation process and (2) the sanctions erroneously included time for work performed by an associate at Kearney's law firm. We discern no error.

## CR 12(b)(6) Mitigation Argument

¶37 Stiles's argument that Kearney should have filed a CR 12(b)(6) motion is meritless. Dismissal of a claim

under CR 12(b)(6) is appropriate " 'only if it can be said that there is no state of facts which the plaintiff could prove in support of entitling him to relief under his claim.' " *Barnum v. State*, 72 Wn.2d 928, 929, 435 P.2d 678 (1967) (quoting *Gold Seal Chinchillas, Inc. v. State*, 69 Wn.2d 828, 830, 420 P.2d 698 (1966)). In contrast, a CR 56(c) summary judgment motion allows a trial court to consider "pleadings, depositions, answers to interrogatories, and admissions on file" to evaluate whether any genuine issue of fact exists.

¶38 Kearney did include as a defense in his initial answer to Stiles's complaint a defense of "fail[ing] to state a claim upon which relief can be granted." CP at 9. But that Kearney opted to pursue interrogatories and then file a summary judgment motion based on the answers to the interrogatories, instead of filing a CR 12(b)(6) motion, was a legitimate trial strategy to develop the facts so that the trial court could best evaluate the legitimacy of Stiles's claim. We note that less than five months passed between Stiles's complaint filing and Kearney's summary judgment motion filing. Stiles's suggestion that Kearney pursued dilatory tactics to increase his access to exorbitant fees and sanctions is unwarranted considering the short period of time that elapsed.

### *Fees for Associate Attorney Work*

¶39 Stiles claims that the trial court's sanctions improperly included time for work that Kearney's junior associate performed. She also contends that even if an associate's fees can be included in sanction calculations, here several of the hours included were for work performed before the associate filed a notice of appearance.

¶40 For Stiles's first argument, her briefing is not adequate for us to review her claim. Passing treatment of an issue or lack of a reasoned argument does not provide a sufficient basis for review. *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290, *review denied*, 136 Wn.2d

1015 (1998). Stiles cites no authorities to support her position and we decline to review this argument.

¶41 Stiles's second argument relies on information outside the record. There are no notices of appearance included in the record for us to evaluate the propriety of the associate's included time in the trial court's sanction calculation. An insufficient appellate record precludes review of the alleged error. *Bulzomi*, 72 Wn. App. at 525.

## V. Attorney Fees on Appeal

¶42 A request for appellate attorney fees requires a party to include a separate section in her or his brief devoted to the request. RAP 18.1(b). This requirement is mandatory. *Phillips Bldg. Co. v. An*, 81 Wn. App. 696, 705, 915 P.2d 1146 (1996). The rule requires more than a bald request for attorney fees on appeal. *Thweatt v. Hommel*, 67 Wn. App. 135, 148, 834 P.2d 1058, *review denied*, 120 Wn.2d 1016 (1992). Argument and citation to authority are required under the rule to advise the court of the appropriate grounds for an award of attorney fees as costs. *Austin v. U.S. Bank of Wash.*, 73 Wn. App. 293, 313, 869 P.2d 404, *review denied*, 124 Wn.2d 1015 (1994).

¶43 Under RAP 18.9(a), we can award attorney fees for the filing of frivolous appeals. An appeal is frivolous when the appeal presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal. *Mahoney v. Shinpoch*, 107 Wn.2d 679, 691, 732 P.2d 510 (1987).

¶44 Stiles and Kearney both requested appellate attorney fees. Stiles included one sentence requesting attorney fees, without citing any authority for her request, and thus did not comply with the mandatory requirements of RAP 18.1(b). Moreover, Stiles does not prevail on appeal. Accordingly, we deny her attorney fees request.

¶45 Kearney complied with the requirements of RAP 18.1(b) and requests fees because Stiles's appeal is frivo-

lous. Stiles's appeal is frivolous because all of her arguments could not possibly have resulted in a reversal. *Mahoney*, 107 Wn.2d at 691. Under an abuse of discretion standard, we are required to affirm the trial court's well-reasoned imposing of sanctions. Stiles's other arguments fail because they either lack merit, rely on a misunderstanding of the record, require a consideration of evidence outside the record, or are not adequately briefed. Stiles's appeal is thus frivolous and supports an award of reasonable appellate fees and costs to Kearney. RAP 18.9(a).

¶46 We affirm.

HUNT and VAN DEREN, JJ., concur.

Reconsideration denied May 22, 2012.

Review denied at 175 Wn.2d 1016 (2012).