# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In the Matter of the Marriage of
YONATHAN HUTAGALUNG,

No. 50889-3-II

                                Respondent,

and

JENNIFER NICHOLE BARNETT,

UNPUBLISHED OPINION

                                Appellant.

WORSWICK, J. — Following a bench trial, Jennifer Barnett appeals the Pierce County Superior Court's final order on Yonathan Hutagalung's petition to modify their parenting plan. Barnett argues that the Pierce County Superior Court violated a valid foreign protection order. Finding no error, we affirm.

## FACTS

Barnett and Hutagalung married in 2004 and had two children together. In 2008 they divorced in Oregon. The Oregon court entered a parenting plan, awarding "joint custody." Ex. 2 (Parenting Plan at 4) (emphasis omitted). Specifically, the Oregon parenting plan provided that the children's primary residence was with Barnett and that Hutagalung was entitled to visitation every Sunday. In 2012 Barnett moved to Washington. Hutagalung also moved to Washington to be near his children. In 2016 Barnett moved the children from Washington to New Mexico.

On September 20, 2016 in Pierce County Superior Court, Hutagalung filed a petition for modification of the parenting plan and a motion for a restraining order against Barnett requesting

primary custody of the children. The Pierce County court entered a temporary restraining order that restrained both Barnett and Hutagalung from disturbing the peace of the other party, directed the parties to continue following the Oregon parenting plan, and required the parties to return for a hearing in the Pierce County court on October 25. On October 6 in the Pierce County court, Hutagalung filed a motion for contempt against Barnett based on Barnett's refusal to allow phone calls or visitation with the children.

On October 11 in New Mexico, Barnett petitioned for a domestic violence protection order.[1] The New Mexico court found that it had jurisdiction and entered a temporary protection order prohibiting Hutagalung from contacting Barnett (the New Mexico order). The New Mexico order did not prohibit Hutagalung from having contact with the children. In fact, the order directed Barnett to allow Hutagalung weekly phone calls with the children. The New Mexico order noted that Washington was the children's home state, and ordered the parties to "follow all orders of Washington State regarding the children." Clerk's Papers (CP) at 299. The New Mexico order awarded Barnett temporary custody of the children, but deferred to Washington State "to address long-term custody issues related to the children." CP at 298. The New Mexico order further directed the parties to appear in court in the New Mexico court on December 1.

On October 25 the Pierce County court entered an amended restraining order, restraining both Barnett and Hutagalung from disturbing the peace of the other party and to return for a

---

[1] Throughout the proceedings, Barnett repeatedly accused Hutagalung of domestic abuse.

hearing in Pierce County on November 29. The order also directed the parties to continue following the existing Oregon parenting plan.

On November 29 in the Pierce County court, the parties appeared for a hearing on Hutagalung's motion to show cause for contempt, and for a ruling on adequate cause regarding Hutagalung's petition for modification of the parenting plan. The Pierce County court entered an order continuing the hearing to December 2, to allow Hutagalung time to review Barnett's materials. The Pierce County court's December 2 order also granted Hutagalung a visit with the children that morning in the Pierce County court's law library, providing: "[Hutagalung] may visit with the children immediately, alone, in the law library conference room until 10:45 am." CP at 440.

On December 1 the New Mexico court dismissed Barnett's protection order case. On December 2 the parties appeared in the Pierce County court for show cause and adequate cause hearings. The Pierce County court found adequate cause to hold a trial regarding Hutagalung's petition for modification of the parenting plan. The Pierce County court also awarded temporary residential placement of the children to Hutagalung, and awarded Barnett supervised visitation until the parties went to trial.

The matter proceeded to a bench trial on August 3, 2017 in the Pierce County court. The Pierce County court ruled that it had jurisdiction to modify the Oregon parenting plan, found that there was a substantial change in circumstances since the Oregon parenting plan was entered in 2008, and granted Hutagalung's petition. The Pierce County court made several findings, including:

The Court does not find Ms. Barnett credible. Her testimony is inconsistent within itself and she appears incapable of telling the truth.

The parties agree and the Court finds that there has been a substantial change in circumstances since the 2008 parenting plan, including the mother's multiple DUIs (driving under the influence); dependency actions; termination of the mother's parental rights to her older child, . . . ; and most significantly, concealing the children and not allowing their father access.

Ms. Barnett has made an effort to terminate the father's relationship with the children.

Ms. Barnett has engaged in abusive use of conflict that creates the danger of serious damage to the children's psychological development. . . .

Ms. Barnett's litigation conduct demonstrates abusive use of conflict. She did not act in good faith with respect to petitions for domestic violence protection orders in New Mexico and in Washington, as well as multiple applications for relief made to other Pierce County Superior Court judicial officers in May and June 2017, in disregard of this Court's prior order.

Ms. Barnett's behavior by leaving the state and trying to conceal the children from the father also demonstrates abusive use of conflict.

Ms. Barnett has a long-term emotional or physical problem that gets in the way of her ability to parent. Substantial evidence demonstrates her poor decision making and bad judgment. In particular, her decision to have the children file declarations in court demonstrates very poor parenting.

Ms. Barnett's demeanor and manner has been both odd and inconsistent. She minimizes her own actions and seems to lay blame solely on Mr. Hutagalung, alleging that he is a sociopath and a narcissist. She is fixated on blaming him, with no evidence.

Ms. Barnett's allegations regarding Mr. Hutagalung, were they believable, do not constitute domestic violence per Washington State law.

CP at 377-78.

4

The Pierce County court also entered a final parenting plan, designating Hutagalung the children's custodian, and awarding Barnett visitation every other Saturday. The Pierce County court provided that Barnett's visitation could increase upon Barnett's completion of court ordered conditions. Barnett appeals the Pierce County court's final order.

ANALYSIS

Barnett appeals the Pierce County court's final order. She lists multiple assignments of error, but offers argument related to only full faith and credit. She argues that the Pierce County court failed to extend full faith and credit to her valid foreign protection order in two ways.

First, she argues that the Pierce County court's November 29 order failed to extend full faith and credit to her valid foreign protection order when it violated the terms of the New Mexico order by allowing Hutagalung visitation with the children on November 29, 2016. Second, she argues that the Pierce County court's December 2, 2016 order failed to extend full faith and credit to her valid foreign protection order when it violated the terms of the New Mexico order by granting Hutagalung temporary residential placement of the children until the parties went to trial. We hold that both arguments fail.[2]

A.     *Full Faith and Credit*

A foreign protection order is an order, issued by another state or territory, related to domestic or family violence to prevent violent or threatening acts, or contact or communication

---

[2] Barnett does not offer argument related to Pierce County court's final order, or assign error to the Pierce County court's findings contained in the final order. The trial court's unchallenged findings of fact are verities on appeal. *In re Marriage of Bobbitt*, 135 Wn. App. 8, 28-29, 144 P.3d 306 (2006).

with another person. RCW 26.52.010(3). A foreign protection order is valid if the issuing court had jurisdiction over the parties and matter under the law of the state or territory.[3] RCW 26.52.020. Under the full faith and credit clause of the United States Constitution, a judgment rendered by one state is entitled to recognition in Washington. U.S. CONST. art. IV, § 1; *Brown v. Garrett*, 175 Wn. App. 357, 367, 306 P.3d 1014 (2013). We review de novo whether the superior court accorded full faith and credit to a foreign judgment. *Brown*, 175 Wn. App. at 367.

    1. *Pierce County Court's November 29, 2016 Order*

Barnett asserts that the Pierce County court's November 29 order failed to accord full faith and credit to a valid foreign protection order when it allowed Hutagalung to have contact with the children that day. We disagree because the Pierce County court's November 29 order did not conflict with the New Mexico order.

The Pierce County court's November 29 order continued the adequate cause and show cause hearings, and also granted Hutagalung a visit with the children "immediately, alone, in the law library conference room until 10:45 am." CP at 440. The parties agree that the New Mexico order was valid and in effect on November 29. Because the New Mexico order was valid on November 29, it was entitled to full faith and credit.

The New Mexico order did not prohibit Hutagalung from contacting the children. Rather, the New Mexico order prohibited Hutagalung from contacting Barnett. Further, the New Mexico order directed the parties to "follow all orders of Washington State regarding the children." CP at 299. Because the New Mexico order did not prohibit Hutagalung from having

---

[3] The parties do not challenge New Mexico's jurisdiction to enter its temporary protection order.

contact with the children, the Pierce County court did not violate its terms by allowing contact with the children. We hold that the Pierce County court did not fail to extend full faith and credit to the New Mexico order in its November 29 order.

2. *Pierce County Court's December 2, 2016 Order*

Barnett also asserts that the Pierce County court's December 2 order failed to extend full faith and credit to her valid foreign protection order. Specifically, she claims that the Pierce County court violated the New Mexico order by granting Hutagalung temporary residential placement of the children. We disagree because on December 2, the New Mexico order was not valid, and, therefore, the Pierce County court was not required to accord it full faith and credit.

The New Mexico case was dismissed on December 1. On December 2 the Pierce County court entered a temporary order awarding Hutagalung temporary residential placement of the children until the parties' trial date. Therefore, the New Mexico order was not valid on December 2. *See In re Parentage, Parenting, & Support of A.R.K.-K.*, 142 Wn. App. 297, 304, 174 P.3d 160 (2007) ("[A]n expired order has no continuing force or effect.").

Because the New Mexico order had been dismissed, a valid foreign protection order did not exist on December 2 when the Pierce County court entered its order. Because Barnett did not have a valid foreign protection order, we reject Barnett's claim that the Pierce County court failed to extend full faith and credit to her valid foreign protection order in its order on December 2.

B. *Other Assignments of Error*

Barnett also makes the following assignments of error: The trial court erred by (1) allowing this litigation to go forward when Hutagalung admitted that he violated a foreign

7

protection order, (2) admitting the guardian ad litem report because it was not timely filed, (3) removing the children from Barnett's care, (4) allowing pleadings to be proof, (5) changing custody absent any proof that the children were in danger of abuse or neglect, (6) entering its final order based on Hutagalung's petition and unlawful actions, and (7) comparing this case to *In Re Marriage of Velickoff*, 95 Wn. App. 346, 968 P.2d 20 (1998). Barnett also asserts that "judicial officers" violated a variety of laws. Br. of Appellant at 32.

Her assignments of error are unsupported by meaningful argument or citation to the record, and we do not address them. RAP 10.3(a)(6); *Stiles v. Kearney*, 168 Wn. App. 250, 266-67, 277 P.3d 9 (2012) ("Passing treatment of an issue or lack of a reasoned argument does not provide a sufficient basis for review.").

Barnett also raises two assertions for the first time in her reply brief. First, she asks: "[W]hy, when [she] came to court [in Pierce County] for Contempt of the Oregon Parenting Plan, was she held in contempt, when New Mexico took temporary emergency jurisdiction and put in place a Domestic Violence Protection Order which superseded the Oregon Parenting Plan?"[4] Reply Br. of Appellant at 2. Second, Barnett asserts that the Pierce County Superior Court failed to order screening of both parties, as required under RCW 26.09.191(4). "An issue raised and argued for the first time in a reply brief is too late to warrant consideration." RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

---

[4] For clarification, the New Mexico order did not supersede the Oregon parenting plan. The New Mexico order stated: "It appears that Washington State is the children's home state," and provided that the "[p]arties shall follow all orders of Washington State regarding the children." CP at 299.

Further, Barnett does not offer meaningful argument regarding either claim. We do not consider the claims.

ATTORNEY FEES

Barnett argues that she is entitled to attorney fees because Hutagalung brought this action in bad faith. A party is required to devote a separate section of the brief to the request for fees. RAP 18.1(b). "The rule requires more than a bald request for attorney fees on appeal. Argument and citation to authority are required under the rule to advise the court of the appropriate grounds for an award of attorney fees as costs." *Stiles*, 168 Wn. App. at 267 (internal citations omitted). Barnett does not provide a separate section in her brief devoted to her request, or offer meaningful argument or citation to the record. Thus, we deny Barnett's request for attorney fees.

Hutagalung also requests attorney fees on appeal based on RAP 18.1 and RCW 4.84.185, characterizing Barnett's appeal as frivolous. Hutagalung asserts that Barnett's appeal is frivolous because she made "numerous allegations" without authority or meaningful argument. Br. of Resp't at 13. "An appeal is frivolous if, considering the whole record, [we are] convinced there are no debatable issues on which reasonable minds may differ and it is totally devoid of merit." *In re Recall of Boldt*, 187 Wn.2d 542, 556, 386 P.3d 1104 (2017). Barnett's appeal is likely frivolous. But, given the long history between the parties, the emotional nature of the proceedings, and the interests of the children, we decline to award attorney fees on appeal.

Barnett has not demonstrated error in the Pierce County court's order entered on November 29, 2016, allowing Hutagalung to have contact with the children on the morning of November 29; the order entered on December 2, 2016, awarding Hutagalung temporary

No. 50889-3-II

residential placement of the children until the parties' trial date; or the final order entered on

August 25, 2017.  We affirm.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, C.J.

Glasgow, J.