# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| EUGENE BURKE,<br><br>                 Appellant,<br><br>    v.<br><br>JOSEPH FRICKEY; ANDREW DAY; BURLINGTON NORTHERN SANTE FE RAILWAY COMPANY, OLD REPUBLIC INSURANCE COMPANY,<br><br>                 Respondents. | No. 54002-9-II<br><br><br><br>UNPUBLISHED OPINION |

MELNICK, J. — Eugene Burke appeals the trial court's denial of his motion for partial summary judgment for his claim for civil remedies under the criminal profiteering act.[1] He also appeals from the trial court's grant of summary judgment. Burke sued Burlington Northern Santa Fe Railway Company, Joseph Frickey, Andrew Day, and Old Republic Insurance Company (hereafter BNSF) following a motor vehicle accident between Burke and a truck driven by a BNSF employee. Burke alleged that BNSF engaged in a pattern of criminal profiteering activity because a BNSF claims representative obtained his signature on a contract releasing BNSF from liability for personal property damage by deception and engaged in attempted theft and the unlicensed practice of law.

Because the record is inadequate for us to review the trial court's decision, we affirm.

---

[1] Ch. 9A.82 RCW.

FACTS

On December 6, 2017, Burke was involved in a motor vehicle accident with Joseph Frickey, an employee of BNSF who was driving a truck owned by BNSF. Burke was driving his own dump truck that he uses for his business. The next day, Burke contacted the BNSF claims department about the damage to his truck and he talked with Andrew Day, a claims representative for BNSF.

On December 11, Burke met with Day at a truck dealership to obtain a damage estimate. At some point, Day asked Burke whether he was interested in settling his claim for damage to the truck. Burke indicated he was and asked how much BNSF was willing to offer. Day and Burke negotiated the payment amount and eventually agreed to settle for $22,500. Day gave Burke a form release and settlement agreement that Day had previously edited to remove language that related to personal injury claims.

The release provided that for the sole consideration of the $22,500, Burke released BNSF "from all claims and liabilities of every kind or nature, **FOR PROPERTY DAMAGE, IF ANY, WHETHER KNOWN OR UNKNOWN TO ME AT THE PRESENT TIME**, arising out of an incident on or about **December 6, 2017**." Clerk's Papers (CP) at 131.

Burke read the release and made various changes, including crossing out inadvertently included language relevant to personal injury and adding a paragraph that stated "Settlement is for property damage, business loss, vehicle taxes, misc costs, etc., but does not include personal injury claim." CP at 132. Burke and Day both dated and initialed the addition. Burke signed the agreement.

In September 2018, Burke, appearing as a self-represented litigant, filed a complaint for criminal conduct under the criminal profiteering act, naming Frickey, Day, BNSF, and BNSF's insurance company, Old Republic Insurance, as defendants. The complaint alleged that he was entitled to compensation under RCW 9A.82.100(1)(a),[2] the civil remedies provision of the Act. He accused the defendants of "the unauthorized practice of law, obtaining the Plaintiff's signature by deception, theft, attempted theft, . . . unprofessional conduct, unlicensed business activity, criminal conspiracy, felony conduct committed for financial gain, leading organized crime, criminal negligent omissions, and violation of the Criminal Profiteering Act by a pattern of criminal profiteering activity." CP at 1.

Burke filed a motion for order for determination of liability, reiterating the arguments from the complaint and requesting relief that included the invalidation of the release agreement and monetary damages. The court denied the motion and advised Burke that it would deal with the issues on summary judgment. Burke filed a motion for partial summary judgment, and BNSF filed a cross-motion for summary judgment. Neither of these pleadings is in the record before this court.

The court denied Burke's motion and granted BNSF's, concluding that there was no affirmative evidence of a wrongful act, or to support the claims of misrepresentation, theft, or fraud.

---

[2] This provision under the criminal profiteering act provides a civil cause of action to a person who was injured in his or her "person, business, or property by an act of criminal profiteering that is part of a pattern of criminal profiteering activity, or by an offense defined in [several criminal statutes], or by a violation of RCW 9A.82.060 [involving leading organized crime]."

If the court entered an order granting summary judgment, it is not in our record. Likewise, if the court entered an order denying partial summary judgment, it is not in our record.

Burke filed a motion for reconsideration of the court's order granting BNSF's motion for summary judgment, which the court denied. The court entered a judgment that states "Based on the court's order denying plaintiff's motion for partial summary judgment and granting defendants' motion for summary judgment, the court enters final judgment in favor of defendants on all claims made in this action. (excluding any future claims reserved for proper filing of personal injury)." Notice of Appeal, Attachment (Judgment) (filed Mar. 12, 2019).[3]

Burke sought direct review of the court's judgment with the Supreme Court. The Supreme Court transferred the case to this court.

ANALYSIS

Burke argues that the trial court erred by denying his motion for partial summary judgment. He argues that Day's "negligent failure to delete 'optional language' from the release agreement he tried to pass off as a property damage release" is criminal negligence, the practice of law, attempted theft, and theft. Br. of Appellant at 4. He asserts that he has shown that BNSF has committed "four counts of theft by deception with the intent to deprive [and] [t]hree counts of theft are the pattern of criminal profiteering activity." Br. of Appellant at 9.

RAP 9.12 provides that on appeal from summary judgment, the reviewing court is limited to issues and materials considered by the trial court. *Alexander v. Gonser*, 42 Wn. App. 234, 237, 711 P.2d 347 (1985). We review a grant or denial of summary judgment de novo, performing the same inquiry as the trial court. *Cascade Floral Prods., Inc. v. Dep't of Labor & Indus.*, 142 Wn. App. 613, 617, 177 P.3d 124 (2008).

---

[3] The judgment, although not in the clerk's papers, is attached to the notice of appeal.

An appellant proceeding without a lawyer must comply with all procedural rules, *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993), and the failure to do so may preclude review. *State v. Marintorres*, 93 Wn. App. 442, 452, 969 P.2d 501 (1999). The party seeking review has the burden of providing the portions of the record necessary to review the issues raised. RAP 9.6; *Dash Point Vill. Assocs. v. Exxon Corp*., 86 Wn. App. 596, 612, 937 P.2d 1148, 971 P.2d 57 (1997).

The record before us does not contain the documents that are necessary for us to review the trial court's decision. Neither Burke's motion for partial summary judgment, nor BNSF's motion for summary judgment is in our record. The court's orders on those motions are also not in the record.

We will generally not decline review for technical violations of rules of procedure. RAP 1.2(a); *Stiles v. Kearney*, 168 Wn. App. 250, 260, 277 P.3d 9 (2012). However, without BNSF's motion for summary judgment, Burke's motion for partial summary judgment, or the court's order that designates the documents and evidence the court relied on in making its decision, we cannot perform the same inquiry as the trial court. We simply cannot know what evidence was presented to the court.[4] Burke has not met his burden to provide a record adequate for review, so we affirm.

---

[4] Burke attaches an unsigned and undated affidavit to his reply brief. The document appears to have been filed with the Supreme Court, but there is no indication that the affidavit was submitted to or considered by the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, P.J.

Maxa, J.