**FILED**
**OCTOBER 29, 2024**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 39159-1-III |
| | ) | |
| MARTY C. McCOY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| DENNIS N. McCOY, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, J. — Marty McCoy appeals from a final divorce order issued after a bench trial. Because Marty McCoy has failed to provide a sufficient record to allow for review of the trial court's decision, we affirm.

BACKGROUND

Marty and Dennis McCoy separated in 2016. In 2017, the parties appear to have signed a hand-written agreement that provided as follows:

> I, Marty McCoy, Agree to Give Dennis McCoy (Aguayo) $5000.00 For The Final Payment Towards our Divorce.
> Payments of $300.00 on June 15, 2017 and Payment of $3950.00 on June 24, 2017 Have Been Paid. Balance of $750.00.
>
>   /s/ Dennis McCoy
> Dennis McCoy
>
>   /s/ M C M
> Marty McCoy

No. 39159-1-III
*In re Marriage of McCoy*


      /s/ [C.M.]
      Witness – [C.M.]

Clerk's Papers at 49.

Marty McCoy petitioned for dissolution in September 2020.[1] The petition alleged that the parties' personal property had already been divided and that Dennis McCoy had signed and released all interest in the family home. Both parties appeared pro se and the matter proceeded to trial.

The record on review does not include a report of proceedings from the trial court. However, the clerk's papers transmitted from the trial court contain several court orders addressing matters decided at trial.

The trial court's findings and conclusions state that the marital community ended in July 2016 and that the parties did not have an enforceable "separation contract." *Id*. at 98; *see also id*. at 109. The trial court required Marty McCoy to refinance the family home within six months and to pay Dennis McCoy her share of the equity in the residence, calculated at $113,000. The court ordered spousal support for Dennis McCoy in the amount of $300 per month for 24 months. The court credited Marty McCoy's

---

[1] In his opening brief, Marty McCoy indicates there was a previous divorce petition filed by Dennis McCoy that was dismissed for want of prosecution. However, the record on review does not include any documentation of a prior petition.

$5,000 payment in June 2017 toward the spousal support obligation.

The parenting plan noted that, by the time of trial, the parties had one minor child. The parenting plan placed restrictions on Marty McCoy based on domestic violence, a sex offense, and substance abuse. The court limited Marty McCoy's contact with his minor child to supervised visitation. Marty McCoy was allowed telephone or video access to the child, but the parenting plan specified the child could "decline" any contact. *Id*. at 67. The plan also required Marty McCoy to obtain an anger management evaluation and comply with any recommended treatment.

Marty McCoy filed pro se a notice of appeal, stating he was appealing the "EQUITY AMOUNT of Real Property." *See* Notice of Appeal, *In re Marriage of McCoy*, No. 39159-1-III, at 1 (Wash. Ct. App. Sept. 9, 2022). Marty McCoy appended the trial court's final divorce order to his notice of appeal.

ANALYSIS

In his opening brief, Marty McCoy's only issue for appeal is identified as "Should the In-House Separation Agreement be Enforced?" Appel[l]ant['s] Br. at 8.[2]

---

[2] Marty McCoy appears to raise additional issues in his reply brief. Those are not properly before the court. *See* RAP 10.3(c) (reply brief to be "limited to a response to the issues raised in the brief to which the reply brief is directed"); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration.").

No. 39159-1-III
*In re Marriage of McCoy*

Although he is proceeding pro se, Marty McCoy is held to the same standard as an attorney and must comply with all procedural rules. *See In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). The rules require an appellant to provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). The rules also require "[r]eference to the record . . . for each factual statement." RAP 10.3(a)(5). In addition, an appellant must provide a sufficient record to review the issues raised on appeal. RAP 9.2(b). "An insufficient appellate record precludes review of the alleged errors." *Stiles v. Kearney*, 168 Wn. App. 250, 259, 277 P.3d 9 (2012).

Without a report of proceedings, this court can only speculate as to the reasons behind the trial court's distribution of real property. *See Sunderland Fam. Treatment Servs. v. City of Pasco*, 107 Wn. App. 109, 116, 26 P.3d 955 (2001). It could be the trial court rejected the June 2017 separation agreement as "unfair at the time of its execution" as contemplated by RCW 26.09.070(3). Or maybe the court found the agreement had been terminated pursuant to RCW 26.09.070(8). An additional possibility is that the trial court found the agreement did not constitute a separation contract as contemplated by statute. Without a report of proceedings, we are unable to analyze the basis for the trial court's decision. The matter must therefore be affirmed.

CONCLUSION

The final divorce order is affirmed. As the prevailing party, Dennis McCoy is entitled to costs as set forth in RAP 14.3(a), subject to compliance with RAP 14.4. *See* RAP 14.1, 14.2.[3]

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____       _____
Staab, A.C.J.                                              Cooney, J.

---

[3] In her response brief, Dennis McCoy requests enforcement of outstanding child support. This issue is not properly before our court. The final child support order was not appended to Marty McCoy's notice of appeal, the equity amount of real property was the only part of the appended final divorce order designated for review, and Dennis McCoy did not file a notice of cross-appeal on any further issues. *See* RAP 5.1(d), 5.2(f).