# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| In the Matter of the Emergency Guardianship of: | No. 59946-5-II |
|---|---|
| I.S. and K.S. | UNPUBLISHED OPINION |
| Minor Children. | |

CHE, J. — Chyanne appeals multiple orders following a guardianship trial but before the entry of a written guardianship order and requests attorney fees and costs on appeal. Specifically, Chyanne appeals the trial court's (1) July 22, 2024, order granting a motion to shorten time, ruling on a substantive motion, and granting the respondent mother, Charlee, attorney fees; (2) August 8, 2024, order denying Chyanne's motion to reconsider the July 22 order; and (3) August 20, 2024, order setting a date for the entry of a final limited guardianship order, among other things. Except for the July 22 grant of attorney fees, all the substantive decisions Chyanne challenges were decided in a later ruling that Chyanne does not challenge or assign error to on appeal. Accordingly, Chyanne's challenge to the trial court's decisions except that pertaining to attorney fees are moot and unreviewable. Regarding the appealed attorney fees decision, Chyanne argues that the trial court erred in calculating the attorney fees and costs owed, but we disagree. We affirm the trial court's July 22 grant of attorney fees and deny Chyanne's request for an award of attorney fees and costs on appeal.

## FACTS

After the trial court granted Chyanne guardianship over two of Charlee and Kendall's minor children, with Charlee having a right to supervised visitation, it scheduled a hearing to

present the guardianship order. At the guardianship order hearing on July 15, 2024, the parties did not agree on certain findings. Charlee told the trial court that she had not seen her children for three weeks in a row despite the trial court ordering visitation. Chyanne explained that the last order from the trial court ordered supervised visits with a lay supervisor approved by a guardian ad litem but one had not been approved yet. Chyanne further stated that Charlee and Kendall did not want any professional supervised visits because of the cost.

Among other things, the trial court ordered the missed visits to be made up with a lay supervisor, the guardian ad litem was responsible for selecting the lay supervisor and "it needs to be done quickly," and, in the meantime, Chyanne would pay for professional supervision visits. Rep. of Proc. (RP) at 9. "I am not going to have visits be denied based on money when it goes against my order for lay supervision." RP at 9. The trial court concluded by ordering the parties to draw up the guardianship order.

On July 19, Charlee filed three motions—a motion requesting that the trial court designate certain individuals as "suitable for lay supervision" and order Chyanne to be responsible for the cost of supervised visitation; a motion to shorten time as it related to the aforementioned motion; and a motion for "[r]easonable [a]ttorney [f]ees" for bringing both motions. Clerk's Papers (CP) at 14, 17. In a declaration attached to Charlee's motion, Charlee's counsel stated:

> 4. Despite there being incredibly limited disagreement on the bulk of the [proposed] orders, and despite [Chyanne's counsel] saying he was sitting at his computer and would be drafting orders directly after the [July 15] hearing, I have still not received proposed orders. I have also not received any response since Tuesday, July 16th regarding the status of the orders.

5.     Despite the Court's ruling, the information being provided to [Charlee] by [the GAL] is that [Chyanne] is not agreeing to lay supervisors, and is investigat[ing] supervisors but they have "fees". . . . [Chyanne] is also not agreeing to payment of supervised visitation. . . .

6.     Because of [Chyanne's] refusal to comply with the court's ruling, this matter had to be brought back to court costing my client attorney fees.

CP at 16.  Charlee's counsel also declared that her rates were $350 per hour and that she had spent no less than four hours on the issue.

On this same day, Charlee filed a notice of a hearing for July 22 for consideration of all three motions.  According to the notice, both Chyanne's counsel and the guardian ad litem were served with the notice and the motions by their respective emails.

On July 22, the trial court considered Charlee's motions on the record without Chyanne or the guardian ad litem present.  The trial court granted the motion to shorten time and ruled on the underlying motions.  The trial court ordered Chyanne to be responsible for future costs of professionally supervised visitation.  The court also ruled that Chyanne had to designate or nominate appropriate lay supervisors by July 26 or Charlee's choices must be approved so long as they could pass a background check and sign a supervisor agreement.  The court then set the entry of a final limited guardianship order for August 19.  Finally, the court granted Charlee's request for attorney fees in the amount of $1400 but provided no findings, written or oral, supporting its ruling.

On August 1, Chyanne moved for reconsideration of the trial court's July 22 orders.  The trial court denied the motion.  On August 19, the trial court called the case for entry on final orders; however, Charlee and Kendall's counsel was the only one present.  The next day, on

August 20, the trial court entered an order.[1]  The order declared the July 22 order "in full effect and enforceable."  CP at 79.  The order stated that Charlee could "unilaterally designate a lay supervisor who can pass a background check to supervise visitation," with Chyanne responsible for future costs of professionally supervised visits if she does not agree to the supervisor designation, and that Chyanne was not an appropriate lay supervisor.  CP at 79.  Finally, the order set entry of the final limited guardianship order for August 26, despite unavailability of the guardian ad litem, and stated that Charlee's counsel shall file proof of providing a copy of the order and proposed final orders to Chyanne's counsel and the guardian ad litem.  CP at 79.

Chyanne appealed the trial court's July 22 order, its denial of her motion for reconsideration of that order, and the August 20 order.

On September 11, the trial court entered findings and an order for the guardianship after a hearing in which Kendall and Charlee's counsel, Chyanne's counsel, and the guardian ad litem were present.  The order entered included the following findings:

> There must be a lay supervisor who has been approved by [the guardian ad litem].
> The lay supervisor must pass a background check and be willing to take notes and write any necessary reports regarding the supervision for the court.
> . . . .
> Any cost of further professionally supervised visitation shall be at the expense of [Chyanne].
> . . . .
> Makeup visitation shall occur for missed visits.

CP at 130-31.

---

[1] Neither the trial court minutes nor the hearing transcript indicates that the trial court was planning on entering orders following the August 19 hearing.  Instead, the minutes reflected that the trial court continued the matter for one week, stated visitations would be resolved "next week," and "[n]o orders signed at this time."  CP at 78.

ANALYSIS

A.    *Chyanne's Claims, Other than That Pertaining To the Attorney Fees Order, Are Moot*

Chyanne assigns error to the trial court's July 22 order, its July 22 grant of attorney fees and costs to Charlee, its August 8 denial of Chyanne's motion for reconsideration of its July 22 rulings, and the court's August 20 order. Chyanne argues that these decisions violated her due process rights because the trial court and Charlee failed to follow certain procedural rules. We hold that Chyanne's challenges to the trial court's decisions, except for the grant of attorney fees, are moot.

When we can no longer provide effective relief for an issue, that issue is moot. *In re Dependency of T.P.*, 12 Wn. App. 2d 538, 544, 458 P.3d 825 (2020). As a general rule, this court does not review moot issues. *Id.*

Here, Chyanne assigns error to the decisions concerning who would be responsible for designating or nominating an appropriate lay supervisor, whether Chyanne would be responsible for the costs of professionally supervised visitation in the meantime, setting a date for the entry of a guardianship order, allowing Charlee to propose final orders, and, on July 22, granting Charlee partial attorney fees. But on September 11, the trial court held a hearing on the entry of a guardianship order and then entered an order that, among other things, directed the guardian ad litem to approve a lay supervisor and stating that the cost of any further professionally supervised visitation would be at the expense of Chyanne. Chyanne does not challenge or assign any error to the final limited guardianship order nor does she amend this appeal to include an appeal of the order.

Given the subsequent order, if we were to reverse the decisions Chyanne challenges on appeal, the only possible relief would be to relieve Chyanne of her obligation to pay the attorney fees. The other decisions are no longer in effect given the later September 11 order. Accordingly, any issue with the challenged decisions, except for the July 22 grant of attorney fees, are moot.

Under certain circumstances, such as when the case involves "matters of continuing and substantial public interest," we may, in our discretion, review a moot issue. *Eyman v. Ferguson*, 7 Wn. App. 2d 312, 320, 433 P.3d 863 (2019). But procedural irregularities specific to the parties, not due to a lack of authoritative guidance on the issue, and not likely to reoccur in other circumstances do not give rise to a matter "'of continuing and substantial public interest.'" *In re Guardianship of J.S.*, 35 Wn. App. 2d 103, 120, 573 P.3d 923 (2025) (quoting *In re Dependency of L.C.S.*, 200 Wn.2d 91, 99, 514 P.3d 644 (2022)).

Because Chyanne's challenges, except for the award of attorney fees and the trial court's related decision to deny reconsidering that ruling, are moot and no exception applies, they are unreviewable.

B.      *Under These Circumstances, the Trial Court Was Not Required To Apply the Lodestar Analysis*

We turn to the trial court's July 22 grant of attorney fees to Charlee. Chyanne argues that the trial court erred by failing to apply the lodestar analysis.[2] We disagree.

---

[2] Under the lodestar analysis, a trial court first determines the reasonable number of hours an attorney spent on the matter and the reasonableness of the attorney's hourly rate at the time when the services were billed. *Mahler v. Szucs*, 135 Wn.2d 398, 434, 957 P.2d 632, 966 P.2d 305 (1998), *overruled on other grounds by Matsyuk v. State Farm Fire & Cas. Co.*, 173 Wn.2d 643, 659, 272 P.3d 802 (2012). The trial court then calculates "the lodestar fee" by multiplying the reasonably hourly rate by the reasonable number of hours and adjusting the result upwards or downwards if needed. *Id*.

"In general, trial courts should use the lodestar method when determining the award of attorney fees as costs." *In re Guardianship of Decker*, 188 Wn. App. 429, 446-47, 353 P.3d 669 (2015). But the lodestar method is not required in all contexts, including "[w]here the primary considerations for the fee award are equitable." *Id*. at 447. Under such circumstances, the trial court *may* consider the lodestar factors in arriving at "a just and reasonable result" but is not *required* to do so. *Id*. at 448.

Here, the trial court granted Charlee's motion for attorney fees, which Charlee made based on contentions that Chyanne was not responding to Charlee's contacts seeking to finalize proposed orders and that Chyanne was refusing to comply with prior rulings. From the basis of Charlee's motion for attorney fees, it appears that the trial court granted her attorney fees by primarily considering whether such an award was equitable. *See* CP at 15-16 (requesting attorney fees due to alleged actions of Chyanne and her counsel), 20 (granting Charlee's motion for attorney fees). Accordingly, the trial court was not required to apply the lodestar method. *See Decker*, 188 Wn. App. at 448. Moreover, Chyanne fails to show that, under these circumstances, the trial court otherwise abused its discretion in granting the award by not discretionarily considering the lodestar factors. *See id*. at 439 ("We review an award of attorney fees in a guardianship case for an abuse of discretion."). Chyanne's claim fails.

ATTORNEY FEES ON APPEAL

Chyanne requests attorney fees and costs on appeal under RAP 18.1 but fails to cite to any legal authority supporting her request. Under RAP 18.1(a), we may award attorney fees and costs "*[i]f applicable law* grants to a party the right to recover reasonable attorney fees or expenses on review" before our court. (Emphasis added.) "Argument and citation to authority

are required under the rule to advise the court of the appropriate grounds for an award of attorney fees as costs." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012). Chyanne's entire argument for attorney fees and costs on appeal is "Chyanne . . . is entitled to an award of attorneys' fees and costs on appeal if her appeal is successful pursuant to RAP 18.1." Br. of Appellant at 33-34. This is insufficient. Accordingly, we decline her request.

CONCLUSION

We affirm the trial court's July 22, 2024, grant of attorney fees and its related decision to deny reconsidering that ruling, decline to consider any error with the trial court's other decisions Chyanne appeals as they are moot, and deny Chyanne's request for attorney fees and costs on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Cruser, C.J.

Price, J.