# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| BRAD ALLEN HUDSON, | No.  53027-9-II |
| Appellant, | |
| v. | |
| DAVID GATES, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, C.J. — Brad Allen Hudson appeals the trial court's dismissal of his case against David Gates with prejudice after a jury returned a verdict in favor of Gates.  Gates argues that Hudson has not provided a sufficient record for this court to review the trial court's dismissal of the case pursuant to the jury's verdict.

We hold that Hudson has not provided a sufficient record to allow review of his challenge to the trial court's judgment dismissing his case after the jury returned a verdict in favor of Gates. Accordingly, we affirm the trial court's judgment dismissing this case with prejudice.

## FACTS

This case appears to be a malpractice suit brought by Brad Hudson against his former attorney David Gates.  Hudson's case was tried by a jury.  The jury found for the defendant, Gates. Pursuant to the verdict, the trial court entered a Final Judgment dismissing Hudson's case with prejudice and without costs to either party.

Hudson filed a notice of appeal with this court on January 4, 2019. In his notice of appeal, Hudson sought review of the jury verdict. We notified Hudson that his notice was filed prematurely as "[t]he Jury Verdict Form is not a decision of the trial court appealable as a matter of right. RAP 2.1(a) and 2.2(a)." Letter from Derek M. Byrne, Court Clerk, Wash. Court of Appeals Div. Two, to Brad Hudson, Appellant (Jan. 16, 2019) (on file with the court). On February 26, 2019, Hudson forwarded to this court the trial court's Final Judgment. We ruled that "[a] final, appealable order has been entered." Comm'r's Letter Ruling (Feb. 26, 2019).

Hudson attempted to file a designation of clerk's papers, but we rejected the defective filing. There is no indication that Hudson made any attempt to file a conforming designation of clerk's papers. Hudson filed a Statement of Arrangements notifying this court that he "does not intend to file a verbatim report of proceedings." Statement of Arrangements (Apr. 12, 2019) at 1.

ANALYSIS

Hudson raises three main issues in his appeal. These issues seem to challenge the jury's verdict.[1] Gates argues that Hudson has not provided a sufficient record to review the jury's decision.[2] We agree with Gates and affirm.

---

[1] Hudson argues in his brief that the trial court erred in determining that Gates did not fail to litigate certain issues and did not fail "to use that degree of skill, care, diligence, and knowledge possessed and used by a reasonable, careful, and prudent attorney in the State of Washington acting in the same or similar circumstances" during a prior arbitration. Br. of App. at 8. Hudson also argues that the arbitrator "abused its discretion in not applying case law and matters of law when rendering final decision." Br. of App. at 11.

[2] Gates also argues that this court should affirm the jury's verdict because Hudson has not designated any decision of the trial court. While initially Hudson's notice of appeal only sought review of the jury verdict, Hudson did file a copy of the Final Judgment from the trial court. We ruled that a final appealable order had been entered. Therefore, Gates' argument is moot.

A.     ROLE OF THE APPELLATE COURT

We review jury verdicts under a sufficiency of the evidence standard.  *Winbun v. Moore,* 143 Wn.2d 206, 213, 18 P.3d 576 (2001).  "'The record must contain a sufficient quantity of evidence to persuade a rational, fair-minded person of the truth of the premise in question.'"  *Id.* (quoting *Canron, Inc. v. Fed. Ins. Co.,* 82 Wn. App. 480, 486, 918 P.2d 937 (1996), *review denied,* 131 Wn.2d 1002 (1997)).

Here, Hudson deliberately did not provide a verbatim report of proceedings and acknowledges that he did not provide the verbatim report of proceedings.  He states,

> The transcripts only provide oral testimony to what the witnesses have written on other documents. The incurred cost to provide the documents that only reaffirm what the witnesses have already written and signed their name to is exorbitantly high. The documentation provided will allow the court to review the verdict.

Reply Br. of App. at 2.

Hudson does not appear to understand that the role of the court of appeals pursuant to a jury verdict is to ensure that the evidence the jury reviewed supported its verdict.  Instead, Hudson attempts to re-litigate the case by simply rearguing the issues presumably argued at trial and claiming he had "proved" his case.

B.     FAILURE TO PERFECT THE APPELLATE RECORD

Hudson has failed to perfect the appellate record.  Therefore, we are unable to review the merits of the issues raised on appeal.

It is the appellant's burden to perfect the record on appeal.  "If the party seeking review intends to urge that a verdict or finding of fact is not supported by the evidence, the party should include in the record all evidence relevant to the disputed verdict or finding."  RAP 9.2(b).

RAP 9.6(a) states,

The party seeking review should, within 30 days after the notice of appeal is filed or discretionary review is granted, serve on all other parties and file with the trial court clerk a designation of those clerk's papers and exhibits the party wants the trial court clerk to transmit to the appellate court.

RAP 9.2(a) states, "If the party seeking review intends to provide a verbatim report of proceedings, the party should arrange for transcription of and payment for an original and one copy of the verbatim report of proceedings within 30 days after the notice of appeal was filed or discretionary review was granted."

RAP 9.3 states,

The party seeking review may prepare a narrative report of proceedings. A party preparing a narrative report must exercise the party's best efforts to include a fair and accurate statement of the occurrences in and evidence introduced in the trial court material to the issues on review. A narrative report should be in the same form as a verbatim report, as provided in rule 9.2(e) and (f).

RAP 9.4 states, "The parties may prepare and sign an agreed report of proceedings setting forth only so many of the facts averred and proved or sought to be proved as are essential to the decision of the issues presented for review."

RAP 10.3(a) states,

The brief of the appellant or petitioner should contain under appropriate headings and in the order here indicated:

. . . .

(6) . . . The argument in support of the issues presented for review, together with citations to legal authority *and references to relevant parts of the record.*

(emphasis added).

When an appellant has failed to perfect the record on appeal, the court may decline to reach the merits of an issue because it does not have all the evidence relevant to the issue before it. *Rhinevault v. Rhinevault*, 91 Wn. App. 688, 692, 959 P.2d 687 (1998), *review denied*, 137 Wn.2d 1017 (1999). However, cases should not be decided on the basis of compliance or noncompliance with the rules of appellate procedure except in compelling circumstances. *Id.* at 693 (deciding the merits of an issue because "although the designated record and briefing in this case teeter on a tightrope of inadequacy, with some difficulty we have gleaned an outline of the facts sufficient to resolve the issues before us.").

Here, there is no appellate record upon which we can review any challenge. Therefore, it is impossible to "glean" any facts or evidence that may or may not support the trial court's dismissal of the case with prejudice pursuant to the jury verdict. *See id.* Because the appellate record does not include the complaint or jury instructions, it is impossible to determine what issues the jury decided. Also, given the lack of any transcript, we have no record of the evidence presented to the jury. Accordingly, given the complete lack of any verbatim, narrative, or agreed report of proceedings or any other evidence presented to the jury, there is a compelling circumstance that requires us to decide the appeal on the basis of Hudson's failure to perfect the record as required by RAP 9.2(b). *See id.* Accordingly, we affirm.

## ATTORNEY FEES

Gates requests attorney fees on appeal. Gates argues that Hudson has failed to provide a sufficient record to review his claims and his appeal is "so totally devoid of merit that there was no reasonable possibility of reversal." Br. of Resp. at 8. We agree.

No. 53027-9-II

Under RAP 18.9(a), this court can award attorney fees for the filing of frivolous appeals. "An appeal is frivolous when the appeal presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012) (citing *Mahoney v. Shinpoch,* 107 Wn.2d 679, 691, 732 P.2d 510 (1987)).

Here, Hudson's appeal does not present any debatable issues on which there was a reasonable possibility of reversal because he has failed to designate any records from the trial court. Therefore, we exercise our discretion and award attorney fees and costs to Gates.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Sutton, J.

6