# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| BRIAN CORTLAND and BRIAN GREEN, | No.  52999-8-II |
| Appellants, | |
| v. | |
| LEWIS COUNTY, a Municipal Corporation, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, A.C.J. — After prevailing on the merits in his Public Records Act (PRA)[1] suit against Lewis County, Brian Green appeals the superior court's order denying him $255 in costs for the penalty hearing transcript he purchased.  The court ruled that Green was entitled to reasonable attorney fees and costs and set that amount.  The court adopted Green's proposed order on fees and costs, which did not make specific findings as to why the court did not award Green the requested $255 for the penalty hearing transcript.  Green appeals the superior court's penalty order, specifically, the portion denying him an award of $255 for the penalty hearing transcript.

Green argues that the superior court erred by failing to enter findings in its order denying him $255—the cost of the penalty hearing transcript he purchased—when he is entitled to an award of "all costs" under RCW 42.56.550(4) as the prevailing party on the merits.  Green requests that we award him $255 in additional costs, as well as reasonable appellate attorney fees and costs, or remand for the superior court to make appropriate findings of fact as to why it denied this cost.

---

[1] Ch. 42.56 RCW.

We hold that Green failed to provide us with an adequate record on appeal, and thus, we decline to reach the merits of his appeal. We affirm the superior court's order on attorney fees and costs and deny Green's request for an award of appellate attorney fees and costs.

FACTS

Green and Brian Cortland jointly prevailed in a PRA suit against Lewis County. Following the hearing on penalties, both parties submitted proposed orders to the court. Green and Cortland believed that Lewis County's proposed order misapplied the superior court's oral ruling, so they purchased the penalty hearing transcript and attached it as an exhibit to their motion for presentation. The superior court adopted Lewis County's proposed order on penalties and proposed daily penalty of $0.25 per day per record.

Following the order on penalties, Green and Cortland filed a motion for an award of attorney fees and costs under the PRA. Green and Cortland sought the following relevant cost: $255—the purchase cost of the penalty hearing transcript.[2] Lewis County argued that Green and Cortland were not entitled to be compensated for the purchase of the penalty hearing transcript.

Green and Cortland provided the court with a proposed order which did not contain specific findings of fact related to the $255 penalty transcript cost. The court adopted their proposed order and entered findings stating that Green and Cortland were the prevailing parties in their PRA lawsuit, and thus, they were entitled to an award of reasonable attorney fees and costs. The court ordered Lewis County pay a total of $39,450 in attorney fees and $390 in costs. The court's order

---

[2] The other costs requested are not at issue on appeal.

2

stated that it "[did] not find any other costs to be properly compensable." Clerk's Papers at 184. Green moved for reconsideration, which motion the court denied.

Green appeals the superior court's penalty order, specifically, the portion denying him an award of $255 for the penalty hearing transcript.

ANALYSIS

If the record is insufficient to determine an issue, we can decline to consider the issue. *See Stiles v. Kearney*, 168 Wn. App. 250, 259, 277 P.3d 9 (2012). The failure to provide an adequate record precludes appellate review. *Stiles*, 168 Wn. App. at 259. Where written findings of fact are insufficient or unclear, we may construe the court's order by reviewing its oral ruling. *See Francis v. Dep't of Corrections*, 178 Wn. App. 42, 52, 313 P.3d 457 (2013). "A party should arrange for the transcription of all those portions of the verbatim report of proceedings necessary to present the issues on review." RAP 9.2(b).

Green drafted the proposed order on attorney costs and fees, which the court ultimately adopted and signed. Green now argues that this order lacks sufficient findings as to why the court denied him the $255 he spent purchasing the penalty hearing transcript. However, he proposed the order without the findings he now complains are lacking. Moreover, he also failed to provide us the transcript of the court's oral ruling on attorney fees and costs. Because Green presents the issue for appeal, he has the burden of providing the record of the hearing on attorney costs and fees. RAP 9.2(b). Without that record, we cannot adequately review the issues, and therefore, we decline to reach the merits of Green's argument. *Stiles*, 168 Wn. App. at 259.[3]

---

[3] "If applicable law grants to a party the right to recover reasonable attorney fees or expenses on review . . . the party must request the fees or expenses as provided in this rule." RAP 18.1(a).

CONCLUSION

We affirm the superior court's order on attorney fees and costs and deny Green's request for an award of appellate attorney fees and costs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, A.C.J.

We concur:

MELNICK, J.

CRUSER, J.

---

RCW 42.56.550(4) provides that any person who prevails in a PRA suit is entitled to reasonable attorney fees and costs. Green has not prevailed on appeal. Therefore, we deny Green's request for an award of appellant attorney fees and costs.

4