**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In re the Marriage of | No. 53359-6-II |
| DARNELL MOSLEY, | |
| Appellant, | |
| and | |
| ANGELIQUE MOSLEY, | UNPUBLISHED OPINION |
| Respondent. | |

CRUSER, J. – Darnell Mosely appeals a final child support order. He challenges the trial court's calculation of his net income, arguing that the trial court erred when it (1) included in his military retirement income half of the portion of the retirement income that he asserts was awarded to his first wife when they divorced, and (2) failed to deduct the income taxes he paid on his military retirement income from his gross income. Because there is no evidence in the record establishing that any portion of Darnell's military retirement income was his first wife's income, Darnell fails to show that the trial court erred when it calculated his military retirement income. Additionally, because there is nothing in our record establishing that Darnell provided the trial court with any evidence related to his 2019 income taxes, Darnell fails to show that the trial court erred when it calculated his income tax deduction. Accordingly, we affirm the child support order.

FACTS

In October 2018, Darnell's[1] former spouse Angelique Mosley[2] filed a notice of intent to relocate with their child due to a change in Angelique's employment. In response to the relocation and change in circumstances, a pro tem commissioner entered a temporary child support order in February 2019. The child support schedule worksheet adopted by the commissioner showed that Darnell received $1,361 a month in "other income" and that his monthly deductions from his gross income for state and federal income tax was $805. Clerk's Papers (CP) at 35.

Darnell subsequently moved for the trial court to amend the parenting plan and to enter a final child support order. At the hearing on these matters, Darnell and Angelique initially asked the trial court to make the temporary child support order permanent. Darnell and Angelique testified, but they did not testify about Darnell's military retirement income or his income taxes.

During the hearing, the trial court admitted Exhibits 11 and 12, which contained Darnell's financial information. Exhibit 11 contained copies of three checks[3] from Darnell to his first and current wife, Denise Anderson, for $817, two "retiree account statement[s]," and tax transcripts for 2016 and 2017. Sealed Ex. 11 at 7, 11 (capitalization altered). The two account statements, one from November 22, 2017, the other from October 23, 2018, showed that Darnell received his entire

---

[1] Because Darnell and Angelique Mosley have the same last name, we refer to them by their first names for clarity.

[2] Angelique was Darnell's second wife.

[3] These checks were dated December 31, 2017, February 15, 2018, and March 17, 2018. No information was entered in the memo line of these checks.

gross retirement benefit. The November 2017 statement also showed a miscellaneous allotment of $817.50 being deposited into a different bank account.

The 2016 tax statement showed that Darnell received a taxable "pension" of $20,616 ($1,718 a month). Sealed Ex. 11 at 46 (capitalization altered). And the 2017 tax statement showed that Darnell received a taxable "pension" of $20,878 (approximately $1,740 a month). Sealed Ex. 11 at 50 (capitalization altered).

In closing argument, Darnell's counsel argued that due to the parties' income changes, "the percentages of responsibility" for child support had changed significantly. 1 Verbatim Report of Proceedings (VRP) at 117. She also argued that the trial court should adopt the temporary child support order and divide "all of the daycare and medical, and transportation costs" proportionally. *Id.* Angelique's counsel argued that Darnell had remarried his first wife and that he had "significant income in his household," so the transportation costs, child care, and other costs should be allocated "proportional to the child support worksheets" rather than split evenly. *Id.* at 122. The trial court advised the parties of its preliminary impressions and directed them to discuss the outstanding issues, including "transportation costs and child support," to see if they could come to an agreement before the court entered any orders. *Id.* at 125.

When the parties returned to court two days later, they disagreed about the amount of Darnell's military retirement income. Darnell's counsel asserted that a portion of Darnell's military retirement income had been awarded to Darnell's first wife during their divorce and that although Darnell and his first wife had remarried, "that order [was] still in effect." 2 VRP at 136. Darnell's counsel asserted that Darnell's "share of his pension that is court-ordered is $1,361," which was the amount shown in the worksheet accompanying the temporary child support order, and that this

was all that should be considered in the child support calculations. *Id.* Darnell did not, however, present any additional documentation or testimony supporting counsel's assertions.

Angelique's counsel asserted that the documentation that Darnell had provided the court showed that he was receiving the full military pension of $2,221. Angelique's counsel also asserted "that as a result of the remarriage, and [Darnell and his first wife were] in the same household," so the trial court should consider the full amount of $2,221. *Id.* at 137.

Darnell's counsel responded that initially the military had taken an "allotment" out of his retirement check for his first wife but that this practice stopped once Darnell owed child support. *Id.* at 139. After that, Darnell had "received the whole amount, and then he's . . . written a check" to his first wife for her portion. *Id.* at 137. Darnell's counsel stated that since Darnell had remarried his first wife, the whole check was deposited in a "joint account," but counsel argued that a portion of the retirement was still his wife's "income." *Id.* at 138.

The trial court responded,

> Well, from an equitable point of view, I think the easiest thing to do is basically just split the difference and say -- take half of that disputed amount and add it into his income. So I don't know what that number comes out to be, so [$]1[,]361 plus half of the difference.

*Id.* at 140.

When the parties appeared in court again a week later, Darnell's counsel advised the trial court that the parties still had not agreed on how to calculate Darnell's income. Darnell's counsel stated that she did not agree with the trial court's decision "to split the baby on his pension," and claimed that Angelique was now asserting that Darnell did not pay taxes on the retirement income so the income tax deduction on the worksheet accompanying the temporary child support order should be reduced. 3 RP at 145.

Angelique's counsel responded that Darnell's counsel was trying to "assign taxes to Mr. Mosley that he is not paying," and asserted that the documentation that Darnell's counsel recently provided showed that the income that Darnell represented to the court had "increased as of December of 2018." *Id.* at 147. Angelique's counsel asserted that if the income was not Darnell's, then he was not paying income taxes on it and he should not be credited with those taxes in the worksheet.

After hearing this argument, the trial court entered a final child support order. The child support worksheet adopted by the trial court stated that Darnell's monthly military retirement income was $1,874.25. The worksheet also showed a monthly state and federal income tax deduction of $351.63, noting that this calculation was based on the 2019 tax year.

In the section describing "[o]ther [f]actors [f]or [c]onsideration," the worksheet further stated, "Father's actual income used. Per Trial Court's ruling - Father is assigned his portion of his military retirement, and half the amount that his former wife was getting under their divorce decree, since the parties have now remarried." CP at 53. The trial court then determined the child support obligations based on this worksheet.

Darnell appeals.

ANALYSIS

Darnell argues that the trial court erred by including in his gross income the portion of his military retirement income that he asserts is his wife's income. He further argues that the trial court erred by failing to deduct the taxes he paid on his military retirement income from his gross income.

I. LEGAL PRINCIPLES

We review child support orders for abuse of discretion. *In re Marriage of Griffin*, 114 Wn.2d 772, 776, 791 P.2d 519 (1990). A trial court abuses its discretion "'when a decision is manifestly unreasonable or based on untenable grounds or untenable reasons.'" *In re Marriage of Chandola*, 180 Wn.2d 632, 642, 327 P.3d 644 (2014) (quoting *In Re Marriage of Katare*, 175 Wn.2d 23, 35, 283 P.3d 546 (2012)).

A trial court's decision is unreasonable or untenable "if its factual findings are unsupported by the record," the superior court applied an incorrect legal standard, "the facts do not meet the requirements of the correct standard," or the superior court's decision lies "outside the range of acceptable choices given the facts and the legal standard." *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995).

II. MILITARY RETIREMENT INCOME

Darnell first argues that the trial court erred by including part of his first, and current, wife's portion of his military retirement income when calculating his gross income because RCW 26.19.071(4)[4] excludes a new spouse's income from the parent's gross monthly income. This argument fails.

RCW 26.19.071(4)(a) clearly excludes the "[i]ncome of a new spouse or new domestic partner or income of other adults in the household," from the parent's gross monthly income. Thus, Darnell is correct that the trial court had no basis upon which to consider any portion of Darnell's

---

[4] The legislature amended RCW 26.19.071 in 2020. LAWS OF 2020, ch. 227 §2. Because this amendment did not change any of the subsections at issue in this appeal, we cite to the current version of the statute.

military retirement pay that was his wife's income when calculating Darnell's gross income. But here, as Angelique recognizes, the record does not support a finding that any portion of Darnell's retirement income was his wife's income.

Darnell did not testify that part of his military retirement income became his first wife's property as a result of their dissolution nor did the exhibits he supplied contain any such information. At best, the exhibits show that Darnell made payments of $817 by check and, arguably, by an allotment, to his first wife. But nothing in this record explains the nature of these payments. The only information in the record related to this claim is Darnell's counsel's statements and argument, which are not evidence.

Because there is no evidence that Darnell's first wife had been awarded any portion of his military retirement income as her separate income or that any such award survived remarriage, the trial court did not abuse its discretion when it included a portion of the military retirement income that Darnell's counsel asserted was Darnell's first wife's income in Darnell's gross income.

III. INCOME TAX DEDUCTION

Darnell next argues that the trial court failed to enter findings of fact supporting its decision to not deduct the income tax paid on his military pension. He contends that the trial court was required exclude all income tax payments under RCW 26.19.071(5)(a), including income tax paid on his military pension.

Darnell is correct that RCW 26.19.071(5)(a) required the trial court to deduct all state or federal income tax that he pays. But the worksheet states that the monthly deductions from gross income based on state and federal income taxes were based on the 2019 tax year, and there is

nothing in our record establishing that Darnell provided the trial court with any evidence related to his 2019 income taxes. Thus, Darnell has not shown that the trial court erred.[5]

## IV. ATTORNEY FEES

Darnell requests attorney fees "[u]nder RAP 14 and/or RCW 26.09.140" as the prevailing party. Br. of Appellant at 11. Because Darnell does not substantially prevail on review, we deny his request for attorney fees.

Angelique requests attorney fees because this is a frivolous appeal.[6] RAP 18.9(a). "An appeal is frivolous when the appeal presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012). Because of the total lack of support in the record for Darnell's arguments, we exercise our discretion and award Angelique fees and costs for defending against this frivolous appeal upon her compliance with RAP 18.1.

## CONCLUSION

Because there is no evidence in the record establishing that any portion of Darnell's military retirement income was his first wife's income, Darnell fails to show that the trial court erred when it calculated his military retirement income. Additionally, because there is nothing in our record establishing that Darnell provided the trial court with any evidence related to his 2019

---

[5] We note that Angelique has appended various documents to her response that may relate to the income tax issue. We do not consider any documents included in an appendix that are not part of the clerk's papers or report of proceedings. RAP 10.3(a)(8) (an appendix to a brief may not include materials not contained in the record on review without permission from the appellate court).

[6] Angelique also requests attorney fees under RCW 26.09.140 because Darnell has a greater household income. Because Angelique did not timely submit an affidavit of financial need as required under RAP 18.1(c), we deny this request.

income taxes, Darnell fails to show that the trial court erred when it calculated his income tax deduction. Accordingly, we affirm the child support order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, P.J.

MELNICK, J.