# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| In the Matter of the Estate of: | No. 54614-1-II |
| DARLENE H. ANDERSON, | |
| Deceased. | UNPUBLISHED OPINION |

VELJACIC, J. — David R. Anderson, Ph.D., appeals the superior court's final order on distribution and closure of Darlene H. Anderson's estate (the Estate). Dr. Anderson appears to argue that the superior court erred in issuing the final order because: the court denied him an opportunity to present factual issues about the Estate's assets; the court denied him an opportunity to counter alleged misrepresentations by the Estate at the hearing on closure of probate; and issues of fact remain about the value and distribution of assets regarding a separate, out-of-state probate, which affects the probate of the Estate at issue here. Dr. Anderson also argues that he is entitled to an award of attorney fees incurred below. The Estate requests attorney fees and costs incurred on appeal because it contends that Dr. Anderson's appeal is frivolous.

We decline to address Dr. Anderson's assignments of error and issues pertaining thereto because he fails to present any meaningful analysis, fails to provide any citation to legal authority, and fails to provide any references to the record to support his contentions. We also deny Dr. Anderson's request for attorney fees below. However, we award the Estate its attorney fees and costs incurred on appeal because Dr. Anderson's appeal is frivolous. Accordingly, we affirm the superior court's final order on distribution and closure of the Estate.

FACTS

Darlene H. Anderson passed away on December 19, 2013. Darlene[1] was survived by her four children, Cathryn J. Nova, Douglas H. Anderson, Michael F. Anderson, Dr. Anderson, and her grandson, Christopher S. Anderson.

On July 25, 2013, Darlene executed her last will and testament (Will). Darlene appointed Nova to act as the personal representative of the Estate.[2] Additionally, article II of the Will provided that, "My estate shall be administered by my personal representative without the intervention of any court and with all powers granted herein and by law to a personal representative acting with nonintervention powers, and I direct that such nonintervention powers be unrestricted." Clerk's Paper's (CP) at 8.

Article III of the Will sets forth Darlene's specific devises and bequests. Article III provides:

> A. **Bequest by List:** I have contemporaneously executed or intend to execute a writing wherein I direct the disposition of certain tangible personal property therein described to the persons mentioned in such writing.

---

[1] We use the decedent's first name for clarity. No disrespect is intended.

[2] The Will also states that Dr. Anderson would be appointed to act as the personal representative of the Estate should Nova be unable, unwilling, or removed from that role.

      B. **Gift to Grandson:** I give the sum of TEN THOUSAND DOLLARS ($10,000[.]00) to my grandson CHRISTOPHER S. ANDERSON, provided he survives me.

      C. **Balance of Estate:** The balance of my estate shall be distributed in equal shares, one share to each of my surviving children, one share to the surviving spouse of each deceased child, provided such spouse was married to and not separated from my child at the time of my child's death, and one share to the descendants of each deceased child who does not leave a qualifying surviving spouse.

CP at 9.

Darlene, while the testator in our case, is also an heir to half of the Cathryn M. Andrew Estate (the Andrew Estate).[3] Cathryn Andrew passed away in 1993 with the Andrew Estate being probated in the State of Utah. Dr. Anderson served as the personal representative of the Andrew Estate.

On January 29, 2014, Nova, in her capacity as personal representative of the Estate, petitioned Pierce County Superior Court to admit Darlene's Will into probate. The court issued an order admitting the Will into probate and declaring that the administration of the Estate shall be completed without the intervention of the court.

On June 4, Dr. Anderson filed a creditor's claim against the Estate. Dr. Anderson claimed that he cared for Darlene during her illness with ovarian cancer and requested a payment of $48,368.75 from the Estate. The Estate rejected the claim.

Dr. Anderson then filed a separate action against the Estate in the superior court regarding his creditor's claim. Nova, as personal representative, filed various counterclaims which, among other things, alleged that Dr. Anderson misused over $80,000 of the Andrew Estate to pursue and defend claims relating to the probate of the Estate in Washington. The record does not indicate whether this separate action has been resolved.

---

[3] The declarations of Douglas and Michael Anderson indicate that Andrew was their aunt.

On February 5, 2016, Nova, as personal representative of the Estate (which, again, was an heir to the Andrew Estate) filed a petition in the Utah state court to remove Dr. Anderson as the personal representative of the Andrew Estate. That petition was granted. Nova then filed a motion for an order compelling the return of the alleged misused funds discussed above. The Utah court found that, "As of December 31, 2014, the Andrew Estate had $82,629.83 in a Chase Bank account." CP at 855. The Utah court also found that, "All $82,629.83 was depleted by [Dr.] Anderson, who used the money to fund an individual claim that was unrelated to his duties as personal representative of the Andrew Estate." CP at 855. Accordingly, the court issued an order requiring Dr. Anderson to pay $82,629.83 to the Andrew Estate.

On March 3, 2016, Dr. Anderson filed a motion to remove Nova as the personal representative of the Estate. In the same motion, Dr. Anderson requested, in the alternative, that the superior court revoke Nova's nonintervention powers under the Will. The superior court denied the motion. However, the court ordered that "Nova's non-intervention powers were limited as to [the] payment of attorney fees [and] distribution to heirs." CP at 215.

On May 24, Dr. Anderson moved to disgorge attorney fees that had already been paid by the Estate. Specifically, Dr. Anderson alleged that between August 2014 and January 2016, but before the court's order limiting Nova's nonintervention powers, the Estate paid its counsel $923.25 and $26,410.98. An additional payment was made on January 31, 2016, in the amount of $1,945.

The superior court denied Dr. Anderson's motion in part stating that, "the attorney's fees previously paid in this matter in the amounts of $923.25, $26,410.98 and $1,945.00 are approved without prejudice to Dr. Anderson, remedy to challenge said fees at the close of the probate or interim request for attorney fees." CP at 301.

Meanwhile, the Utah court judgment encompassing the $82,629.83 principle, discussed above, was filed in the Pierce County court against Dr. Anderson. The Pierce County clerk issued a writ of execution against Dr. Anderson's claim in the creditor's action, referenced above. The Pierce County sheriff executed two sales totaling $27,000, which reduced the Utah court judgment by that sum. Dr. Anderson's creditor's claim was dismissed on December 26, 2019.

As of February 10, 2020, the Estate consisted of three assets: approximately $40,000 in cash, the remaining amount owed by virtue of the Utah court judgment against Dr. Anderson, and the Estate's counterclaim against Dr. Anderson in the creditor's action. On February 11, the Estate moved to distribute its remaining assets in accordance with Darlene's Will and to close the Estate.

The superior court heard the Estate's motion on February 21. At that hearing, Dr. Anderson attempted to interject during the Estate's argument:

> [THE ESTATE]: So then the estate essentially dismissed [Dr. Anderson's creditor's claim] by paying $10,000, dismissed that cause of action that [Dr.] Anderson was making against this.
> THE COURT: In Grant Blinn's court?
> [THE ESTATE]: Yes.
> [DR. ANDERSON]: *That's not—*
> THE COURT: *Wait.*
> [THE ESTATE]: That is correct.
> THE COURT: And so now what are you asking for today?
> [THE ESTATE]: Today we're asking for a final distribution.

Report of Proceedings (Feb. 21, 2020) at 8 (emphasis added). The court then gave Dr. Anderson an opportunity to present argument.

The superior court granted the Estate's motion and ordered the distribution of the remaining assets and to close the Estate. Dr. Anderson appeals.

ANALYSIS

I.    FAILURE TO COMPLY WITH THE RULES OF APPELLATE PROCEDURE

Dr. Anderson appeals the superior court's final order, which authorized Nova to distribute the Estate's remaining assets and to close probate. Because Dr. Anderson fails to support his assignments of error and issues pertaining thereto with any meaningful analysis or citation to legal authority, we decline to address the merits of his appeal.

A.    Legal Principles

As a pro se litigant, Dr. Anderson is held to the same standard as an attorney and must comply with all procedural rules on appeal. *See In re Estate of Little*, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23 (2019). In accordance with these rules, an appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). "Appellate courts need not consider arguments that are unsupported by pertinent authority, references to the record, or meaningful analysis." *Cook v. Brateng*, 158 Wn. App. 777, 794, 262 P.3d 1228 (2010). Additionally, "we do not consider conclusory arguments that are unsupported by citation to authority." *Brownfield v. City of Yakima*, 178 Wn. App. 850, 876, 316 P.3d 520 (2014).

"It is not the responsibility of this court to attempt to discern what it is appellant may have intended to assert that might somehow have merit." *Port Susan Chapel of the Woods v. Port Susan Camping Club*, 50 Wn. App. 176, 188, 746 P.2d 816 (1987). And "'[p]assing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.'" *In re Guardianship of Ursich*, 10 Wn. App. 2d 263, 278, 448 P.3d 112 (2019) (quoting *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998)).

Here, Dr. Anderson's entire argument section is limited to three sentences unsupported by

any citation to authority or references to relevant parts of the record:

A. Standard of Review

B. The court erred by not requiring the personal representative to provide an accurate and verified accounting of the DHA is assets.

C. Did not allow the heir to present evidence of misrepresentation by opposing counsel and personal representative Nova of 2 estates, one in Utah and one in Washington.

D. The personal representative has a fiduciary responsibility to account for assets of the estate and to protect the assets of the estate on behalf of the heirs.

Br. of Appellant at 6-7.

B.      First Assignment of Error and Issues Pertaining Thereto[4]

Dr. Anderson argues that the superior court erred in its final order because it denied him

an opportunity to present factual issues about the Estate assets to be distributed. Specifically, he

appears to argue that the Estate's accounting failed to include $29,279.23 in attorney fees which

were ordered to be disgorged to the registry of the court. Anderson appears to argue so based on

the superior court's limitation of Nova's nonintervention powers in a 2016 order.

Here, Dr. Anderson fails to present any argument or citation to legal authority as to how

the Estate's failure to account for the attorney fees at issue requires reversal of the superior court's

final order. Regardless, Dr. Anderson's factual assertion, that the superior court ordered the

attorney fees at issue to be disgorged, is incorrect. As discussed above, the superior court approved

the payment of those attorney fees on July 1, 2016. However, because Dr. Anderson failed to

comply with RAP 10.3(a)(6), we decline to address his argument.

---

[4] This section addresses Dr. Anderson's first assignment of error and issues one and three from his opening brief.

Dr. Anderson also appears to request sanctions of $100 a day from the date the superior court ordered the Estate to disgorge attorney fees. As discussed above, Dr. Anderson's characterization of the 2016 order is incorrect. Additionally, he fails to provide any argument or citation to legal authority to support his claim for sanctions. Because such failures preclude appellate review, we decline to address the merits of Dr. Anderson's claim regarding sanctions. *Cook*, 158 Wn. App. at 794; RAP 10.3(a)(6).

C.      Second Assignment of Error and Issues Pertaining Thereto[5]

Dr. Anderson argues that the superior court erred in issuing the final order on distribution and closing the Estate because the court prevented him from objecting to alleged misrepresentations made by the Estate at the February 21, 2020 hearing. Specifically, Dr. Anderson appears to challenge the identity of the party who obtained his creditor's claim from a sheriff's sale in a separate cause of action, contending that "Sheriff's records document that the creditor, [the Andrew Estate], not [] Nova on behalf of [the Estate], was the successful bidder of $10,000 at the auction." Br. of Appellant at 4.

Here, Dr. Anderson's factual assertion, that the superior court denied him an opportunity to correct opposing counsel's alleged misrepresentations, is incorrect. The record reflects that the superior court gave him an opportunity to correct opposing counsel's alleged misrepresentations. Regardless, he fails to present any argument or citation to authority as to how the identity of the successful bidding party concerning his creditor's claim in a separate cause of action would require reversal of the superior court's final order in this case. Because Dr. Anderson fails to comply with RAP 10.3(a)(6), we decline to address the merits of his claim.

---

[5] This section addresses Dr. Anderson's second assignment of error and second issue from his opening brief.

D.    Third Assignment of Error and Issues Pertaining Thereto[6]

Dr. Anderson appears to argue that the superior court erred in issuing the final order because issues of fact remain about the value and distribution of assets of the Andrew Estate in Utah. Relatedly, Dr. Anderson also appears to argue that "[t]he court erred in drawing conclusions based [on] activities in Utah, specific details were not before the court yet the court made those decisions without specific knowledge." Br. of Appellant at 3.

Here, Dr. Anderson again fails to provide any argument or citation to legal authority as to how remaining issues of fact, if any, concerning the valuation and distribution of assets in the Andrew Estate would require reversal of the final order authorizing the distribution of assets of the Estate in this case.[7] Because Dr. Anderson fails to present any argument or citation to authority, our review is precluded. *Cook*, 158 Wn. App. at 794; RAP 10.3(a)(6). Accordingly, we decline to address the issue.

II.    ATTORNEY FEES BELOW

Dr. Anderson argues that we should award him attorney fees and costs "for the attorneys that he has hired in this cause including the costs to address the issue of payment of attorney's fees before [the superior court] in 2016-2021." Br. of Appellant at 5, 7-8. We deny Dr. Anderson's request.

---

[6] This section addresses Dr. Anderson's third assignment of error and fourth issue from his opening brief.

[7] To the extent that Dr. Anderson argues that the superior court drew conclusions based on activities in Utah, the final order does not contain any such findings of fact or conclusions of law.

RAP 18.1(a) states that "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses, . . . the party must request the fees or expenses as provided in this rule." And RAP 18.1(b) states that "[a] party must devote a section of its opening brief to the request for the fees or expenses."

Here, Dr. Anderson fails to comply with RAP 18.1. He does not provide us with a legal basis to award attorney fees. Instead, Dr. Anderson asserts, without citation to authority, that he is entitled to an award of attorney fees dating back to 2016. Dr. Anderson also fails to devote a section of his opening brief in requesting attorney fees, as required by RAP 18.1(b). Because Dr. Anderson failed to comply with RAP 18.1, we deny his request for attorney fees.

III.    ATTORNEY FEES ON APPEAL

The Estate requests attorney fees and costs of appeal pursuant to RAP 18.9 because it contends that Dr. Anderson's appeal is frivolous. We agree.

Under RAP 18.9(a), we may order a party who uses the rules for the purpose of delay, files a frivolous appeal, or fails to comply with the rules, to pay terms to any party who has been harmed by the delay or the failure to comply. "An appeal is frivolous when the appeal presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012).

Here, Dr. Anderson presents no debatable issues on which reasonable minds could differ and his arguments are so lacking in merit that there is no possibility of reversal. Specifically, Dr. Anderson fails to present any meaningful analysis or citation to pertinent authority to support his contentions. In fact, the argument section of his brief only contains three conclusory, unsupported statements. By doing so, he completely fails to adhere to the rules of appellate procedure. His appeal is frivolous. *See Stiles*, 168 Wn. App. at 267. Accordingly, we award the Estate its attorney

fees and costs incurred on appeal under RAP 18.9(a). The amounts shall be determined by a commissioner of our court under separate order.

We affirm the superior court's final order on distribution and closure of the Estate. We also award the Estate its attorney fees and costs incurred on appeal under RAP 18.9(a).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Glasgow, A.C.J.

_____
Price, J.