# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| PIERCE COUNTY, a municipal corporation, | No. 55231-1-II |
| Respondent, | |
| v. | |
| RICHARD E. SORRELS, a single person, | UNPUBLISHED OPINION |
| Appellant, | |
| CONRAD VELEZ and JANE DOE VELEZ, husband and wife; EARL F. SORRELS and DORIS E. SORRELS, husband and wife; and the RES TRUST, | |
| Defendants. | |

LEE, J. — Richard E. Sorrels appeals the superior court's order authorizing a warrant of abatement for the public nuisance on Sorrels' property. Sorrels argues that emergency orders issued in response to the COVID-19 pandemic required the superior court to continue the hearing on Pierce County's motion to authorize the re-issuance of a warrant of abatement. Sorrels' claim lacks merit. Accordingly, we affirm the superior court's order and grant Pierce County's request for attorney fees on appeal.

## FACTS

In June 2002, Pierce County initiated an action to have Sorrels' property declared a public nuisance. Following a bench trial, the superior court found that Sorrels maintained a public nuisance on the property. The superior court issued an order of abatement and a permanent injunction prohibiting further public nuisance on the property.

In November 2017, Pierce County filed a motion to show cause, alleging Sorrels had again allowed his property to become a public nuisance. The superior court found that Sorrels had violated the 2002 permanent injunction. The superior court's order was affirmed and mandated in June 2020.

On August 5, 2020, Pierce County moved to have the superior court authorize the re-issuance of a warrant of abatement against Sorrels for the public nuisance on his property based on the mandate, noting the hearing for August 28. On August 25, Sorrels moved to continue the hearing, claiming that the COVID-19 pandemic prevented him from doing legal research or obtaining an attorney. Then Christopher Sorrels filed a declaration on August 27, responding to Pierce County's motion to re-issue the warrant of abatement.

Sorrels did not appear for the hearing on Pierce County's motion to authorize the re-issuance of a warrant of abatement. The superior court noted that Sorrels had filed a motion to continue the hearing due to difficulties arising from the COVID-19 pandemic and asked if Pierce County would agree to the continuance. Pierce County declined and asked the superior court to authorize the re-issuance of a warrant of abatement. The superior court entered an order authorizing a warrant of abatement.

Sorrels appeals.

ANALYSIS

A. CONTINUANCE OF CIVIL MOTION

Sorrels argues that the superior court erred by authorizing the warrant of abatement because the Pierce County Superior Court's emergency orders related to the COVID-19 pandemic required that the superior court grant his continuance request.[1] We disagree.

On March 17, 2020, Pierce County Superior Court issued Emergency Order 20-04, which provided, in relevant part, regarding civil matters:

1. *Civil bench trials*, including family court trials, scheduled through April 24, 2020, will be held on a voluntary basis, and may be held telephonically at the Court's discretion. During this period, parties may not subpoena witnesses to testify. Any witnesses must appear voluntarily. If any party requests a continuance the court will grant the continuance and set a new trial date. Attorneys and/or parties requesting a continuance must contact the assigned judicial department either by telephone or email. Failure to contact the Court may result in dismissal of the case. Social distancing will be implemented for all trial participants, including observers.
2. For *trial dates* scheduled after April 24, 2020, the Court will consider, and liberally grant, requests to continue trial dates. Signed orders continuing trial dates shall be submitted via email to the judicial assistant.
3. All *confirmed civil motions* scheduled before a judge, will be heard or decided by the assigned judicial officer without the necessity of a personal appearance. Each judicial officer will determine whether a motion shall be heard based upon the pleadings or telephonically and notify the parties accordingly. Proposed and signed orders shall be submitted via email to the judicial assistant prior to the scheduled motion date.

Ex. 4 (Emergency Order No. 20-04, *In re Response by Pierce County Superior Court to the Public Health Emergency in Washington State* (Pierce County Super. Ct., Wash. Mar. 17, 2020), https://perma.cc/USE8-C6UN) (emphasis added).

---

[1] Sorrels also argues that he was unable to appear at the hearing on the motion because the superior court failed to inform him of how to participate in a Zoom hearing. However, the facts related to Sorrels' failure to appear at the hearing are not in the record before us. Because we do not consider facts outside the record on appeal, we decline to consider Sorrels' argument. *Bartz v. State Dep't of Corr. Pub. Disclosure Unit*, 173 Wn. App. 522, 528 n.7, 297 P.3d 737, *review denied*, 177 Wn.2d 1024 (2013).

On May 13, 2020, Pierce County Superior Court issued Emergency Order 20-15, which provided that "[n]on-jury civil trials shall proceed as scheduled at the discretion of the court via video, telephone or other means beginning May 4, 2020," and "[n]on-emergency civil matters may, at the discretion of the court, be continued until after June 1, 2020." Ex. 15 (Emergency Order No. 20-15, *In re Response by Pierce County Superior Court to the Public Health Emergency in Washington State* (Pierce County Super. Ct., Wash. May 13, 2020), https://perma.cc/6LQG-MWY2) (emphasis added).

Here, Pierce County's motion to authorize the re-issuance of a warrant of abatement did not require a trial. Therefore, nothing in the Pierce County Superior Court's emergency orders required the superior court to continue the matter. The matter before the superior court was a non-emergency civil motion and whether to grant a continuance was entirely within the discretion of the superior court. Accordingly, Sorrels' argument that the superior court was required to grant his continuance lacks merit.

B.      ATTORNEY FEES ON APPEAL

Pierce County requests attorney fees under RAP 18.9 for opposing a frivolous appeal. RAP 18.9(a) allows us to impose sanctions against a party for filing a frivolous appeal. "An appeal is frivolous when the appeal presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9, *review denied*, 175 Wn.2d 1016 (2012).

Here, Sorrels relies on provisions in Pierce County Emergency Orders related to civil jury trials—which are obviously inapplicable—to argue that the superior court was required to continue the hearing on Pierce County's motion to authorize the re-issuance of a warrant of abatement. Sorrels also relies on evidence outside the record on appeal that cannot be considered by this court.

Sorrels' appeal is completely devoid of merit and presents no possibility of reversal. Therefore, Sorrels' appeal is frivolous, and we grant Pierce County's request for attorney fees on appeal.

We affirm the superior court's order authorizing the warrant of abatement and grant Pierce County's request for attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Worswick, P.J.

Price, J.