# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DONALD SPEAR, a resident of the State of Florida, | No. 56740-7-II |
| Appellant, | |
| v. | |
| KRAFTWERK K9, INC., a corporation formed under the laws of the State of Washington; and WAYNE G. CURRY, a resident of the State of Washington, | UNPUBLISHED OPINION |
| Respondent. | |

PRICE, J. — Donald Spear appeals the superior court's order granting Wayne Curry's motion to vacate the default judgment entered against him. Spear argues the superior court abused its discretion because Curry did not establish the required factors for vacating a default judgment. We affirm the superior court.

## FACTS

On April 26, 2021, Spear filed a complaint for damages against Kraftwerk K9, Inc. and Curry. In his complaint, Spear, a dog breeder, stated that he had been doing business with Curry, another dog breeder, through Curry's business Kraftwerk K9 for more than 20 years. In November 2019, Spear purchased a dog from Curry. Spear made plans to breed the dog, but was unable to do so successfully. Further examination revealed severe deformities in the dog's spine, cervix, and vagina that required euthanasia. Spear alleged multiple claims related to breach of contract and sought actual and expectation damages.

Curry was served with the summons and complaint on May 17, 2021. After receiving the summons and complaint, Curry retained attorney Christopher Brown to represent him. Although Brown did not engage in litigation services, he agreed to pursue an alternative course of action to attempt to resolve the dispute. Brown agreed to send Spear a letter outlining the arguments in defense of the claims with the intent to settle the dispute. However, Brown informed Curry that he would not engage in litigation services and would withdraw and refer Curry to alternate counsel if the matter continued to ligation. On June 9, Brown sent a letter to Spear's counsel disputing the claims raised in Spear's complaint and setting out the arguments in support of Curry's position.

On June 14, 2021, Spear obtained an order of default against Curry. Then, on June 29, Spear obtained a default judgment against Curry for $76,780.61.

About two weeks later, on July 14, Curry learned of the default judgment while meeting with a different attorney, Garrett Ratfield, on an unrelated matter. On July 28, Ratfield filed a notice of appearance in the dispute with Spear. Then, on September 16, Ratfield filed a motion to vacate the default judgment. In his declaration, Curry claimed he was "shocked" to learn of the default judgment because he believed Brown was representing him. Clerk's Papers at 132.

In opposition to the motion, Spear obtained a declaration from Curry's former attorney, Brown. Brown stated that after Spear filed a motion for default, he contacted Curry to withdraw. Brown also sent Curry referrals for alternate counsel.

Spear argued that the motion to vacate should be denied because Curry failed to establish excusable neglect. Spear also argued that Curry failed to act with due diligence in seeking to vacate the default judgment. Finally, Spear argued that Curry failed to establish a prima facie

defense to the complaint because the arguments they made were based on an alleged contract that was not sent to or signed by Spear.

The superior court found that, given that the order of default was signed only two months after the complaint was served, Curry acted with due diligence and there was no substantial hardship to Spear. The superior court also found excusable neglect because Brown was not clear about the risk of default and the need to attend to litigation immediately. Finally, the superior court found that, viewing the evidence in a light most favorable to Curry, he had established a prima facie defense because both parties were relying on the same allegedly unsigned or draft contract language to make their arguments. The superior court granted Curry's motion to vacate the default judgment.

Spear appeals.

ANALYSIS

I. MOTION TO VACATE DEFAULT JUDGMENT

We review the superior court's decision to set aside a default judgment for an abuse of discretion. *Little v. King*, 160 Wn.2d 696, 702, 161 P.3d 345 (2007). "A [superior] court abuses its discretion by making a decision that is manifestly unreasonable or by basing its decision on untenable grounds or untenable reasons." *VanderStoep v. Guthrie*, 200 Wn. App. 507, 518, 402 P.3d 883 (2017), *review denied*, 189 Wn.2d 1041 (2018). "[W]e are more likely to find an abuse of discretion when the [superior] court denies a motion to set aside a default judgment than when the [superior] court grants such a motion." *Id*. "[D]efault judgments generally are disfavored because courts prefer to resolve cases on their merits." *Id*. at 517.

3

CR 60(b)(1) provides for relief from a judgment for "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." Courts apply a four-prong test to determine if a default judgment should be vacated under CR 60(b)(1):

> (1) that there is substantial evidence supporting a prima facie defense; (2) that the failure to timely appear and answer was due to mistake, inadvertence, surprise, or excusable neglect; (3) that the defendant acted with due diligence after notice of the default judgment; and (4) that the plaintiff will not suffer a substantial hardship if the default judgment is vacated.

*Little*, 160 Wn.2d at 703-04. The first two factors are the primary considerations in whether to set aside a default judgment. *Id*. at 704.

Whether to set aside a default judgment is ultimately a matter of equity. *Id*. "Our primary concern is whether justice is being done." *VanderStoep*, 200 Wn. App. at 517. We must determine whether the superior court's decision is ultimately just and equitable. *Id*. "What is just and equitable must be determined based on the specific facts of each case, not based on a fixed rule." *Id*. at 517-18.

Spear concedes that the fourth factor is satisfied, but argues that the superior court erred by finding that Curry satisfied the other three factors of the test.

A. PRIMA FACIE DEFENSE

First, Spear argues that Curry failed to produce substantial evidence supporting a prima facie defense because he did not support his alleged defense with evidence. To support a motion to vacate a default judgment, "a defendant generally must submit affidavits identifying specific facts that support a prima facie defense." *Id*. at 519. "The defendant must present 'concrete facts' that support a defense." *Id*. (quoting *Ha v. Signal Elec., Inc.*, 182 Wn. App. 436, 449, 332 P.3d 991 (2014), *review denied*, 182 Wn.2d 1006 (2015)).

4

However, the superior court views all facts and reasonable inferences in the light most favorable to the defendant. *Id*. at 519-20. Any set of facts that, if believed, would entitle the defendant to relief can support setting aside a default judgment. *Id*. at 520. "[E]ven a 'tenuous' defense may be sufficient to support a motion to vacate." *Id*. (internal quotation marks omitted) (quoting *Little*, 160 Wn.2d at 711).

Here, Curry's affidavit did not specifically deny any of the allegations made in Spear's complaint. However, Curry provided the letter from Brown which explained why he disputed the claims made in the complaint based on the communications between the parties and the terms of the alleged contract. Viewed in the light most favorable to Curry, the alleged contract and dispute regarding what representations were made are concrete facts that could entitle Curry to relief. Therefore, the superior court did not abuse its discretion in determining that Curry established a prima facie defense.

## B. Excusable Neglect

Second, Spear argues that Curry has failed to establish excusable neglect because Curry hired an attorney who did not engage in litigation.

The superior court has broad discretion in determining whether the failure to appear resulted from excusable neglect. *Id*. at 526. The superior court may make credibility determinations or weigh evidence to determine whether there has been excusable neglect. *Id*.

Here, the superior court determined there was excusable neglect because Brown did not make it clear to Curry that he needed to address the complaint through litigation at the same time that Brown would send a letter to attempt to resolve the disagreement outside of litigation. Even in Brown's declaration he stated that he informed Curry that if the case continued to litigation, he

would withdraw. This could have implied to Curry that the case was not yet in litigation and engaging Brown's services was sufficient to adequately defend against the complaint. The superior court did not abuse its discretion when it found Curry's claim that he believed engaging Brown was sufficient to represent him in the dispute.

C. DUE DILIGENCE

Third, Spear argues that Curry failed to act with due diligence because he did not file the motion to vacate the default judgment until almost three months after the default judgment was entered and two months after his new attorney filed his notice of appearance.

"A motion to vacate under CR 60(b)(1) must be filed within a reasonable time and within one year from the judgment." *Ha*, 182 Wn. App. at 454. Courts have held that one month is within a reasonable time while three months is not within a reasonable time. *Id*. In *Ha*, the court held that two and a half months was a reasonable amount of time because an investigation was conducted during that period and the plaintiff actually requested that the motion to vacate be delayed in order to conduct a deposition. *Id*. at 454-55.

Here, the two months between Ratfield filing a notice of appearance and filing a motion to vacate is less than the three months courts have determined is outside a reasonable time to file a motion to vacate a default judgment. And the superior court's decision facilitates the decision of this case on the merits rather than by default judgment. *See VanderStoep*, 200 Wn. App. at 517. Under these circumstances, the superior court did not abuse its discretion by determining that Curry acted with due diligence when vacating the default judgment.

II. ATTORNEY FEES

Curry requests that we award him attorney fees under RAP 18.9 because this appeal is frivolous and because Spear engaged in unconscionable conduct in obtaining his default judgment when he understood that Curry was contesting the allegations. We deny Curry's request for attorney fees.

RAP 18.9(a) allows us to impose sanctions against a party for filing a frivolous appeal. "An appeal is frivolous when the appeal presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9, *review denied*, 175 Wn.2d 1016 (2012).

Here, although the superior court's order should be affirmed, Spear's arguments are not so devoid of merit that this appeal is frivolous. Further, we are unable to conclude that Spear obtained the default judgment through unconscionable conduct. While we do not condone attorneys obtaining default judgments without notice to opposing parties when there has been communication on behalf of a client, our record is simply not sufficiently developed on this issue for us to find improper conduct by Spear. Accordingly, we deny Curry's request for attorney fees under RAP 18.9.

No. 56740-7-II

CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, A.C.J.

CHE, J.