# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Parenting and Support of: | No. 59532-0-II |
| B.K.M., | |
| A Minor Child, | |
| COURTNEY ANN MCCAULEY, | |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| BYRON MARTIN, | |
| Appellant. | |

CHE, J. — Byron Martin appeals final orders entered by the trial court in his family law case with Courtney McCauley including a final parenting plan, monetary judgment, contempt order, and order denying reconsideration. Because Martin fails to adequately designate the trial record on appeal, the record is insufficient to review his assignments of errors. Accordingly, we affirm the superior court's final orders. We also grant McCauley's request for attorney fees on appeal as sanctions under RAP 18.9.

## FACTS

McCauley and Martin have a son together. In December 2021, when their son was one year old, McCauley filed a petition for a parenting plan, residential schedule, and child support.

The trial court entered a temporary parenting plan and ordered both parties to submit to evaluations for domestic violence, substance abuse, and parenting.

The next several years proved contentious, with both McCauley and Martin seeking amended temporary parenting plans, orders of contempt, and judgments. The trial court appointed a guardian ad litem, and ordered both parents to undergo drug testing. McCauley produced a negative test. Martin's test showed an abnormal specific gravity, reflecting an attempt at diluting the sample.

The case ultimately proceeded to a three-day bench trial on the parenting plan in October 2023. The trial court considered 150 admitted exhibits and testimony from eight witnesses.

The trial court entered a final parenting plan that included RCW 26.09.191 limitations on Martin based on the court's finding that he had a history of domestic violence, substance abuse, abusive use of conflict, and a history of withholding the child. Specifically, the trial court found that Martin had withheld the child from McCauley when the child was less than two months old and breastfeeding. Martin had refused to allow McCauley to access the child for over a week and had refused to feed the child breastmilk that McCauley had provided. The trial court also found that Martin had engaged in excessive and coercive litigation, as well as making efforts to prevent McCauley from having legal counsel or access to TANF benefits.[1] Accordingly, the trial court awarded sole decision-making authority to McCauley.

The parenting plan also provided that if McCauley believed Martin was impaired at a child exchange she could require him to submit to a 12-panel hair follicle test within 24 hours. The parenting plan further provided that there would be no court ordered telephonic

---

[1] Temporary assistance for needy families.

communication between the child and nonresidential parent. The trial court also found that there was insufficient evidence that McCauley was unstable or had mental health issues to the point that she cannot parent the child.

The trial court also found Martin in contempt of court-ordered child support. The trial court awarded McCauley attorney fees for the contempt action and set a review date for January.

Following the review hearing, the trial court entered an order finding Martin in contempt of the child support order, finding that he was able to follow the order in the past, was able to follow the order in the present, and was not willing to follow the order. The trial court entered a judgment against Martin for $6,995.32 in past due child support, $1,462.50 in other child support, and $25,000 in attorney fees. The trial court explained that McCauley had incurred over $50,000 in reasonable attorney fees but reduced the amount of the award to $25,000 reasoning that it was the amount of attorney fees incurred to establish and collect child support.

Martin moved for reconsideration. The trial court ordered McCauley to file a response, allowed Martin to file a strict reply to the response, and indicated it would make a ruling on the pleadings. After considering Martin's supplemental declaration, McCauley's response, and Martin's reply declaration, the trial court denied Martin's motion for reconsideration and awarded an additional $595 in attorney fees to McCauley.

Martin appeals.

ANALYSIS

Martin's appeal involves multiple assignments of error pertaining to the trial court's orders including that the trial court: (1) entered findings that were not supported by the record, (2) imposed parenting restrictions without clear and convincing evidence, (3) suspended

communication between Martin and his child without evidence that contact was harmful,
(4) mischaracterized his drug test as invalid, (5) entered a monetary judgment without a hearing
or adequate factual findings, (6) entered RCW 26.09.191 restrictions without sufficient evidence,
(7) improperly considered McCauley's evaluations, (8) unjustifiably gave McCauley the power
to cancel parenting time, (9) awarded McCauley sole decision making without justification,
(10) imputed his income without evidentiary support, (11) entered a contempt order without
determining willfulness or ability to pay, (12) failed to address McCauley's noncompliance, and
(13) denied reconsideration despite new evidence. We conclude the record on appeal is
insufficient to allow us to review Martin's assignments of error.

We review a trial court's findings of fact for substantial evidence. *In re Marriage of
Black*, 188 Wn.2d 114, 127, 392 P.3d 1041 (2017). "The appellant has the burden of perfecting
the record so that the court has before it all the evidence relevant to the issue." *In re Marriage of
Haugh*, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990); RAP 9.2(b). Martin fails to meet this burden.
If the appellant fails to provide us with a record sufficient for review, we cannot reach the merits
of the appellant's arguments. *See Olmsted v. Mulder*, 72 Wn. App. 169, 183, 863 P.2d 1355
(1993) ("We cannot reach the merits of [Appellant's] arguments because he has failed to provide
us with a sufficient trial record.").

The trial court entered its final parenting plan after a three-day trial that included
testimony from eight witnesses and 150 admitted exhibits. The court held an additional hearing
on the contempt motion and child support. Despite challenging the sufficiency of the evidence
supporting the trial court's findings and conclusions in its orders, Martin fails to provide the trial
transcripts or any of the exhibits submitted to the trial court. The only transcript Martin provided

on appeal is a transcript of the trial court's final parenting plan decision. He does not provide the transcript from the contempt hearing or any of the documents provided to the court in that matter. Martin also fails to provide his motion for reconsideration, his supplemental declaration in support of his motion, McCauley's response to the motion, or Martin's reply. These failures are fatal to Martin's appeal.

Without a full record of the evidence presented to the superior court during the trial, we cannot accurately determine whether the superior court's findings are supported by substantial evidence. Accordingly, the record designated for review is insufficient to allow us to review this appeal.

## ATTORNEY FEES

McCauley requests appellate attorney fees based on RAP 18.1, RCW 26.06.140, and RAP 18.9. We grant her request under RAP 18.9.

Under RAP 18.9(a), we may award attorney fees as sanctions against a party who filed a frivolous appeal. "An appeal is frivolous when the appeal presents no debatable issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9, review denied, 175 Wn.2d 1016 (2012).

Martin filed this appeal challenging the superior court's findings and decisions in final orders without designating the trial record on appeal. Without designating a complete record on appeal, there is no reasonable possibility of reversing the superior court's final orders. Therefore, this appeal is frivolous. Accordingly, we grant McCauley's request for attorney fees as sanctions under RAP 18.9.

No. 59532-0-II

We affirm and award McCauley attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, P.J.

Price, J.